No. 85.—Henry Badgett, plaintiff in error, *vs.* John H. Broughton, defendant in error.

In an action of covenant, for a breach of warranty in selling an unsound negro, the measure of damages is the difference between the price paid, and the actual value of the negro in her unsound condition; and if of *no value,* then the price paid, with interest thereon.

This was an action of covenant, brought by the defendant in error against the plaintiff in error, in the Superior Court of the county of Greene, and tried before Judge Merriwether at September Term, 1846.

The action was predicated upon a breach of the warranty contained in the following instrument :

"Greene County, Ga., Dec. 12, 1843.

" Received of John H. Broughton, two hundred and seventy-five dollars, in full payment for a negro girl, named Lucinda ; the right and title to said slave I will warrant and defend ; I also warrant her sound in body and mind.   Given under my hand and seal the day and date above written.                                                HENRY BADGETT." [L.S.]

The breach alleged in the declaration was, that the said slave, Lucinda, at the time of the making of said warranty, was not sound in body, but on the contrary thereof, was then unsound, by a disease of her lungs, of which, shortly afterwards, she died.

It appeared that, on the 25th day of January, 1844, the defendant in error sold said slave to one Chesley Attaway, and instead of executing a separate bill of sale, endorsed over the original bill of sale as follows, to wit :

" January 25th, 1844.

" For full value received, I hereby transfer the within bill of sale, made by Henry Badgett to me, to Chesley Attaway.

" Test, A. T. Scott.                                          JOHN H. BROUGHTON."

Upon the trial, the defendant in error offered the original bill of sale, with the said endorsement thereon, in evidence, which was admitted.

The unsoundness of the slave Lucinda at the time of said warranty and sale, from Badgett to Broughton, and of her death therefrom, was proven.

It was then proven, in behalf of the defendant below, by Chesley Attaway, that he purchased the negro Lucinda from Broughton, and paid him $275 therefor; that he refused to sign a bill of sale, warranting the title and soundness of said slave, to witness, but agreed to assign the bill of sale which Badgett made to him, and thereupon made the aforesaid endorsement upon the bill of sale, which witness thought amounted to a warranty, but did not know how Broughton understood it. The negro appeared sickly after he purchased her, and continued so until August following, when she died.

The testimony having been closed, the court below charged the jury that, as he understood the decision of the Supreme Court, the question to be considered was, whether the defendant below had kept his warranty? If he had not, then the plaintiff below was entitled to recover, and under the evidence, the purchase-money was the measure of damages, and a transfer of the bill of sale to a third person, and the receipt from Attaway by Broughton, of a sum of money equal to the original purchase-money, did not discharge the warranty of the plaintiff in error. The jury found a verdict for the plaintiff below for $275.

To which charge and opinion of the court below, the plaintiff in error excepted.

Francis H. Cone, for the plaintiff in error, contended,

1st. That the plaintiff below could not recover, as he had sustained no damage ; at most he can recover only nominal damages.—8 *Porter R.* 428 ; 1 *Halsted's R.* 251 ; 3 *Stewart & Porter R.* 329 ; 1 *McCord R.* 379 ; 1 *Taunton,* 566 ; 3 *Starkie's R.* 32 ; 1 *Nott & McCord,* 326, 343.

2d. That the transfer of the bill of sale did not amount to a warranty, and therefore plaintiff below could never become liable to Attaway.—12 *Sergeant & Rawle,* 165 ; 3 *Haywood,* 186.

Dawson and McHenry, for the defendant in error.

*By the Court*—Warner, Judge.

In this case, perhaps, the charge of the court to the jury would have been *more strictly* in compliance with the legal rule, had it been stated to them that the measure of damages for a breach of warranty of soundness, in the sale of the negro, was the difference between the price paid and the *real* value of the slave, in her *unsound condition ;* or, if she was of *no value,* then the price paid for her, with interest thereon.—2 *Saunders' Pl. and Ev.* 917, and cases there cited ; *Curtis vs. Hannay,* 3 *Espinasse,* 82.

From the evidence disclosed by the record, we are of the opinion, the plaintiff below was entitled to recover at least the *price paid* to the defendant for the negro, proved to have been *unsound at the time of the sale,* and to have died afterwards.

The court charged the jury that, "under the *evidence*, the purchase-money was the measure of damages." Had there been a special verdict, finding the same facts as disclosed by the record in this case, we are of the opinion, the measure of damages would have been, in judgment of the law, at least to the extent stated by the court to the jury, and the charge of the court, as applied to the particular facts of this case, is not a sufficient ground of error to authorize the granting a new trial.

It was contended, by the counsel for the plaintiff in error, that the transfer of the bill of sale by Broughton to Attaway did not amount, in law, to a warranty of soundness of the negro, and, consequently, he had not been damaged by his purchase from Badgett.

It will be time enough for us to decide that question, when it shall be properly brought before us by the proper parties. What may be the rights acquired by Attaway, under the transfer of the bill of sale to him by Broughton, we decline to express any opinion, for the reason, he is no party to this suit, and is not now before the court. Certainly, the liability of Badgett, on his contract of warranty, is not dependent on the liability of Broughton to Attaway, on a contract subsequently made between them for the sale of the negro.

Did Badgett warrant the negro to be sound when he sold her to Broughton? Was she sound *at the time of the sale*? If not sound, what was her value in her unsound condition? These were the legitimate inquiries for the jury, on the trial of the cause between Broughton and Badgett.

Let the judgment of the court below be affirmed.