### LEITNER *vs.* GOODWIN & BEALL.

1. The evidence being conflicting, but enough to support the verdict, and the presiding judge being satisfied therewith, this court will not interfere on the ground that the verdict is contrary to law and evidence.
2. On a suit for the recovery of damages for the sale of a fertilizer recommended by the vendor as good, but proven to the satisfaction of the jury, to be wholly worthless, it is not error to charge the jury that the vendees, if the article was found by them to be valueless, "should be paid for the hauling," though there was no allegation in the declaration about the hauling—no objection having been made to the introduction of evidence of expense of hauling, and the allegation of general damage for breach of the contract being sufficient to cover the damages found.

New trial.    Damages.    Before Judge Crawford.    Talbot Superior Court.    September Term, 1877.

Reported in the opinion.

WILLIS & WILLIS, by R. J. MOSES, for plaintiff in error.

No appearance for defendants.

JACKSON, Judge.

Goodwin & Beall sued Leitner for the money paid for certain fertilizers which they alleged proved to be valueless. The jury found a verdict of two hundred and thirty-nine dollars and seventy cents, and Leitner moved for a new trial upon the ground that the verdict was contrary to law, contrary to evidence, and that the court erred in charging the jury that the plaintiffs were entitled to expenses of haul-

ing the fertilizer, if the fertilizer proved to be utterly value-
less for the purpose for which it was sold, there being no al-
legation in the declaration about the hauling.

The motion was overruled, and defendant excepted.

1. It appears from the record that the fertilizer originally
sold was to be the Planter's guano, but the defendant Leit-
ner, whose agent had sold it, discovering that it was not
that article, visited plaintiffs' farm and told them that it
was dissolved bone or bone dust, and deducted $25.00 from
the price, but said it was a good fertilizer—better than the
other. On the trial the evidence was conflicting, but there
is plenty to support the verdict. The presiding judge was
satisfied with it, and it is not our province to set it aside
against the verdict and his approval. Therefore it is not
against evidence, nor is it against law.

2. If the fertilizer was worthless the plaintiffs had the legal
right to recover damages for the sale of a worthless article,
and the measure of damages was the principal and interest
of the $175.00 paid, with the expense of hauling the worth-
less article and putting it in the ground, and the general al-
legation of damage from the breach of the contract is suffi-
cient to cover expense of hauling and putting in the worth-
less manure. This case is distinguishable from 46 *Ga.*, 261;
for here the article was wholly worthless and there could be
no offer to rescind. The seed had to be planted and grown,
and the fertilizer had to be put in the ground before its value
could be tested. And there is in this case an allegation of
fraud. In 1 *Ga.*, 591, Judge Warner said, on the measure
of damages in the sale of an unsound slave, the value and
interest was the *least* that could be recovered, and in 23 *Ib.*,
17, Judge Lumpkin said, in a similar case, that expense of
medical attendance might, under some circumstances, be re-
covered; and in 56 *Ib.*, 86, in the case of the sale of bacon,
Judge Bleckley repeats the idea that the *least* measure of
damages is as ruled in 1 *Ib.* There was no objection to
the introduction of the evidence on the ground that the dec-
laration did not expressly set out damage from hauling. So

we are clear that the court did not err in the charge complained of ; and the judgment is affirmed, because there is no sound reason why a party should not recover his whole damage incurred by the sale of a worthless article, which he could not tender back or offer to rescind, for the reason that it was mixed with the dirt and lost forever in testing its value.

Judgment affirmed.