Feagin vs. Beasley.

WILLIAM H. FEAGIN, plaintiff in error, *vs.* PARKER S. BEAS-  23  17
LEY, defendant in error.                                    q122  97

[1.] Usually, the price of property agreed on by the parties is the best evidence of its value; and when it turns out to be totally worthless, the purchase money with interest is a fair measure of damages. If the property be of some value, the difference between the price paid and what it is worth, in its diseased condition, will constitute the measure of damages.

[2.] Extraordinary expenses, as for medical attendance, may be superadded to the purchase money, or taken into the account.

[3.] Abbreviations in the names of Commissioners, sufficient.

[4.] The representations of a negro as to his symptoms, made to the physician during his medical examination, are competent testimony.

Assumpsit, in Sumter Superior Court. Tried before Judge ALLEN, March Term, 1857.

This was an action by Parker S. Beasley against William H. Feagin for the recovery of damages for the breach of warranty of the soundness of a negro man named Toney, sold by defendant, Feagin, to plaintiff. The following is the bill of sale containing the warranty, to-wit:

Received of P. S. Beasley Seven Hundred Dollars for negro man named Toney, about 28 years old, which I warrant sound in body and mind, and free from the claims of all persons whatever. This the 28th day of November, 1848.

W. H. FEAGIN.

Test, GEORGE HOLMAN.

The declaration alleged that the negro was unsound at the time of the sale, laboring under a disease of the heart, which rendered him worthless; and that plaintiff had been put to expense in employing physicians to attend him, and in boarding and taking care of him, amounting to the sum of two hundred dollars. Plaintiff claimed as the measure of damages, the purchase money with interest from the time of payment, and the amount paid physicians, &c.

3

A great deal of testimony was introduced on both sides as to the condition of the negro before and at the time of the sale and since, of which it is unnecessary to give even an abstract, as the facts, upon which any question or point was made, will sufficiently appear in the grounds for a new trial, and in the opinion of the Court.

The jury found for the defendant; whereupon, counsel for plaintiff moved for a new trial on the following grounds:

1st. Because the verdict is against the law and without evidence.

2d. Because the verdict is strongly against the weight of evidence.

3d. Because the Court erred in charging the jury that, in the event that they should find that the negro was unsound at the time of the sale and wholly valueless, they could only find for the plaintiff the purchase money paid for said negro, and interest thereon, and that they could not find anything for Doctor's bills or other expenses on account of the negro.

4th. Because the Court ruled out the depositions of Roger McGrath and Samuel Segrest, taken in 1854, before James Clough and W. D. Barron, commissioners, going to prove the unsoundness of the negro, upon the ground that the names of the said commissioners were not written out in full, either in the commission or in their certificate to the answers, but were written *Jas.* Clough and *W. D.* Barron. This objection not having been taken until the case was on trial before the jury, except that defendant's attorney, before the case was submitted, wrote on the cover of the interrogatories that the same was objected to because the names of the commissioners were not set out in full.

5th. Because the Court erred in refusing to allow plaintiff to read in reply the answers of Dr. W. J. Mitchell to interrogatories executed on the 14th of June, 1854, and especially the 2d interrogatory and the answer thereto, which was as follows: "Did or not plaintiff refuse to have said negro ex-

amined by you at the time Mr. Jones, the agent of defendant, was in Tuskegee, and at what time was said agent there, and what was said and done by the parties on that occasion?" To which he answers, "I did not understand the plaintiff to refuse to have the boy Toney examined. The plaintiff at the time, said to Jones, in my presence, that he was willing for witness to examine the boy in connection with Dr. Johnson, and he further said that we could at any time examine the boy at our pleasure. I believe that Mr. Jones was defendant's agent, to whom plaintiff addressed the above remarks about the last of February or first of March. Witness does not recollect much of the conversation had between the plaintiff and Jones; but recollects that plaintiff further said that he did not want to do any thing but what was fair and honorable, and that Mr. Feagin ought to take the boy Toney and pay him his money. Jones contended that the boy was not valueless, but a pretty sharp old negro yet." No objection having been made and no decision thereon by the Court until after the case was submitted to the jury, except that defendant's counsel had endorsed on said answers, as follows: "We object to the reading of these answers because the witness has not answered cross interrogatories."

6th. Because the Court erred in not allowing said Johnson, Mitchell, and others to testify as to the complaints and statements made to them by the negro at the times he was seen and examined by them, and in ruling out said testimony.

7th. Because the Court erred in not ruling out the answer of W. B. Jones to the 8th direct interrogatory.

It was admitted that at the time that defendant's counsel moved to rule out the answers above mentioned, he also moved to put upon the minutes, *nunc pro tunc,* for February, 1855, [a judgment excluding said answers on the said grounds, which motion the Court refused to entertain, though the fact was admitted.

Upon hearing the rule *nisi,* the Court set aside the verdict,

*Feagin* vs. *Beasley.*

and granted the motion for a new trial, to which decision Feagin, by his counsel, excepted.

McCay & Hawkins, for plaintiff in error.

Stubbs & Hill, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

[1.] Usually, the price agreed upon by the parties is the best evidence of the value of property at the time. Better, certainly, than the opinions and guessing of others. There may be exceptional cases. If the negro then in this case was wholly worthless, we see nothing in the testimony to take this case out of the rule. If the negro was worth something, then the difference between the price paid and the value of the negro in his diseased condition is the measure of damaages. Whether any thing by way of expense should be superadded, is a question not very well settled by authority.

[2.] Perhaps an extraordinary outlay, as for medical attendance, rendered necessary by reason of the unsoundness of the property, might come in, especially if the services were needed before notice, or an offer to rescind could be made by the buyer.

To entitle the purchaser for any additional amounts, as for the keep of the negro, he should offer to rescind, and thus give the seller an opportunity of deciding whether he will take back the property. Of course these remarks apply to a case of a simple breach of warranty, unaccompanied with fraud.

[3.] We concur with the Court that he was wrong in ruling out the depositions of the witnesses mentioned in the fourth ground taken for a new trial, whose names are *illegible in in the record,* 1st: Because they were properly executed and returned, the abbreviations in the names of the commissioners being sufficient; and 2d, Because, by the Act of 1854, all objections except as to the relevancy of the interrogatories

must be both taken and *determined* before the case is submitted to the jury.

The provisions of the Act were equally violated in ruling out the testimony of Dr. Mitchell.

[4.] The representations of the negro as to his symptoms, made during his medical examination, are clearly admissible, and have been repeatedly so held by this and other Courts. We think the Court was right in ruling out the answer of Wm. B. Jones to the eighth direct interrogatory. He gave his opinion merely, without stating the facts upon which it was founded.

We express no opinion upon the evidence, as the cause is to be re-heard. Upon the whole, we affirm the judgment of the Court below in correcting its own errors and awarding a new trial.

Judgment affirmed.