### BERRY *v.* BERRY.

Where an application for temporary alimony, based upon a suit for permanent alimony, was made by a wife against her husband and allowed, and afterwards the husband brought an action for a divorce against her, and she thereupon made another application for temporary alimony, based upon the fact that the action for divorce was pending, it was her right, at the hearing of this second application, to dismiss the original suit for permanent alimony; and the effect of this was to do away with the first order granting temporary alimony, and to leave the second application therefor open for a hearing upon its merits.

May 4, 1896. Argued at the last term.

Application for alimony. Before Judge Hart. Hancock county. December 8, 1895.

*Lewis & Moore,* for plaintiff in error.
*Frank L. Little,* by *Harrison & Peeples,* contra.

SIMMONS, Chief Justice.

Pending her application for permanent alimony, Mrs. Berry applied for temporary alimony. Upon the hearing of her application for permanent alimony, the jury rendered a verdict against her, which was set aside upon a motion for a new trial. Her husband then filed a suit for divorce, and she thereupon made a new application for temporary alimony. The husband filed a plea to the effect that she.

had made a former application and had obtained a judgment of the court for temporary alimony, which was still of force, that her suit for permanent alimony was still pending, and that she therefore did not have a right to make a new application. She then dismissed, by permission of the court, her application for permanent alimony, over the objection of her husband. The court then heard the application for temporary alimony and awarded it, and the husband excepted.

There was no error in allowing her to dismiss the petition for permanent alimony. Any suitor has a right to dismiss his action at any time, unless the defendant, in his plea or answer, has pleaded set-off or prayed for affirmative relief. (Code, §§3447, 4190.) No affirmative relief was sought against the wife in the proceeding instituted by her to obtain permanent alimony. She therefore had the right to dismiss it; and when it was dismissed, the application for temporary alimony, which was simply an adjunct to that proceding, went with it, and the judgment granting the temporary alimony ceased to be of force. And as the law gave her the right to temporary alimony pending the suit for divorce, the judge did not err in granting her temporary alimony and counsel fees upon her new application.

*Judgment affirmed.*