## SNOWDEN *v.* WATERMAN & COMPANY.

1. A breach of an implied warranty that goods sold are "mer-
chantable and reasonably suited to the use intended" may
arise when the goods, because of a defect which could not in
the exercise of due caution be detected, are totally useless and
worthless, though in point of fact the seller was ignorant of
the existence of such defect.

2. Accordingly, where a declaration alleged that the plaintiffs
purchased and paid for certain live stock which the defendant
sold "under a general warranty implied by law as to sound-
ness, healthfulness, etc.," and that the animals were, at the
time of the sale, infected with a named disease, rendering
them "wholly and utterly worthless," such declaration in
effect alleged that the animals were sold under an implied
warranty that they were merchantable and reasonably suited
to the use intended; and therefore, as against a general de-
murrer, set forth good grounds for a recovery of the purchase-
money, though it was not alleged that the seller knew of the
diseased condition of the animals when he sold them.

3. Where such a declaration was also specially demurred to be-
cause it failed to allege that the diseased condition of the ani-
mals was known to the defendant "at the time of said alleged
sale and warranty, and that the same was undisclosed by him,"
and, upon the judge's thereupon announcing that he deemed
the declaration insufficient, the plaintiff filed an amendment,
alleging that the defendant, at the time of the sale, "knew
or ought to have known," of the defects in the animals, and
the demurrer was then overruled: *Held*, that this latter rul-
ing was right; for whether the amendment did or did not
accomplish the result intended, the declaration was good with-
out it.

4. It appearing, however, that the case was tried solely upon
the theory that the plaintiffs' right to recover depended upon
their proving a breach of the implied warranty embraced in
par. 3 of §3555 of the Civil Code, viz: that the seller "knows
of no latent defects undisclosed," it was error to charge, in
substance, that the defendant would be liable, not only in the
event he actually knew, but also if he ought to have known,
.of the diseased condition of the stock when he made the sale.

5. The declaration distinctly averring the disease referred to, therein to have been "glanders," and mentioning no other disease, a requested instruction to the effect that the plaintiffs should be held to proof of the specified disease only, ought. not to have been refused.

Argued January 25,—Decided March 22, 1897.

Action for breach of warranty. Before Judge Eve. City court of Richmond county. July term, 1896.

*Arnold & Arnold* and *E. B. Baxter,* for plaintiff in error. *Fleming & Alexander,* contra.

COBB, Justice.

Waterman & Company sued Snowden for damages for a breach of warranty in the sale of certain live stock. Their petition alleged that "said sale of stock was made without any waiver whatever, but under a general warranty implied by law as to soundness, healthfulness, etc." It was further alleged, that at the time of the delivery of said stock. the same were affected with the disease of glanders, which. rendered them worthless, but that this defect was not then patent, and was unknown to Waterman & Company. By amendment it was alleged, "that defendant at the time of said sale knew, or ought to have known, of said defects in said mules."

1. The seller of personal property, in all cases, unless expressly, or from the nature of the transaction, excepted,. warrants: first, that he has a valid title and right to sell; second, that the article is merchantable and reasonably suited to the uses intended; third, that he knows of no latent defects undisclosed. Civil Code, §3555. Each. clause in the section cited provides for a separate and distinct warranty, and a breach of any one is a breach of the implied warranty of the law. A failure of title, a defect. of title, or an encumbrance upon the property, would, in a sale within the terms of the section, constitute a breach of warranty under the first clause. If the article is totally

worthless and useless, and the buyer, in the exercise of ordinary care, could not detect the defect, then there is a breach of warranty under the second clause, and this too when the seller was ignorant of the existence of the defect which caused the article to be of no value. Whether the seller knew of the defect would be immaterial. If there is a latent defect known to the seller, and undisclosed, which renders the article sold less valuable, though the article is still merchantable, then there is a breach of the warranty under the third clause. If there is a latent defect known to the seller, which he fails to disclose, and which is of such a nature as to render the article absolutely worthless, and entirely unsuited to the uses intended, then there is a breach of the warranty both under the second and third clauses. *Williams & Lee* v. *Wylly*, 45 *Ga.* 580; *Perdue* v. *Harwell*, 80 *Ga.* 151.

2. The petition, before it was amended, in effect alleged that the article sold was not merchantable and was not reasonably suited to the use intended, and was "wholly and utterly worthless." Therefore the court committed no error in overruling a general demurrer thereto. As against a general demurrer a cause of action for a breach of warranty under the second clause was sufficiently set forth. In such a suit knowledge, or want of knowledge of the defect, by the seller, is immaterial.

3. While the presiding judge took the view that an allegation of knowledge was material, and required the plaintiff to allege that the seller knew, or ought to have known, of the defects in the animals at the time of the sale, and then overruled the demurrer, the decision in overruling the demurrer was right. The petition set forth a good cause of action under the second clause, and the amendment was harmless surplusage.

4. As the case was tried solely upon the theory that the plaintiff's right to recover rested upon the breach of the warranty that the seller knew of no latent defects undis-

closed, it was error to charge, in substance, that the defendant would be liable, not only in the event he actually knew, but also if he ought to have known of the diseased condition of the stock when he made the sale. If the plaintiff seeks to recover for a breach of the implied warranty under the third clause, he must allege and prove that the seller knew of latent defects and failed to disclose them.

5. The plaintiff having alleged that the animals were totally worthless on account of the disease of glanders, and there being no allegation of any other disease, it was incumbent upon the plaintiff to establish this allegation, and proof of any other disease would not authorize a recovery. It was error, therefore, to refuse to charge, at the request of the defendant, that the plaintiff must be held to proof of the disease of glanders only; and would fail to recover, if the evidence did not show this disease, although it might disclose other diseases.

*Judgment reversed. All the Justices concurring.*