## ELGIN JEWELRY COMPANY *v.* ESTES & DOZIER.

1. Where a written contract for the sale of personalty did not contain any express warranty as to the character, quality, or title of the goods, the law raised an implied warranty.

2. A provision in a written contract for the sale of jewelry, that any of the articles which failed to wear satisfactorily would be replaced by the vendor free of charge if returned within five years, though headed with the word "warranty," would not prevent the purchaser from setting up, by way of defense to a suit for the purchase-price, that the goods were purchased for the purpose of being sold to his regular customers in his business, which fact was known to the vendor, that they were worthless and not reasonably suited to the purposes for which they were bought, that a large part of the goods were sold in the contract as "rolled gold plated," when as a matter of fact there was no gold plate about them, and a few days wear showed that they were brass, which turned black and caused them to be returned to the defendant by his customers, and that the articles were entirely worthless..

Submitted April 14, — Decided May 11, 1905.

Complaint. Before Judge Holden. Lincoln superior court. October term, 1904.

The Elgin Jewelry Company sued Estes & Dozier on a written contract for the purchase of certain jewelry, the price of which aggregated $197.60. The only clauses in the contract which need be set out are the following:

" Warranty.—Any jewelry in this assortment failing to wear satisfactorily will be replaced by new articles free of charge, if returned to us within five years.   Exchange privilege:   Any article not selling readily can be exchanged for different styles or patterns in this assortment any time within one year from date of invoice, and after compliance with terms of settlement.   The purchaser agrees to notify the Elgin Jewelry Co., by registered mail within two days from receipt of said jewelry, of every shortage or variance from the order.   And a failure to so notify them shall be an estoppel from such claim."

The contract was in the shape of an order from the purchaser, and concluded as follows:·  "Elgin Jewelry Co., Elgin, Ill. April 4, 1904.   Gentlemen:— On your approval of this order, please deliver to us at your earliest convenience, f. o. b. transportation companies, either at distributing point or at factory point, the above assortment of goods on the terms and conditions herein set forth and no others (all of which I have read and found complete and satisfactory)."   This was signed by the purchasers, and under their signature was written the name of the salesman.

The defendants pleaded substantially as follows:  They are merchants doing a general mercantile business in the town of Lincolnton, Georgia, and sell goods in their general line of business of the kind and character purchased by them from plaintiff. The goods were purchased for the purpose of being sold to their regular customers, which fact was known to plaintiff, and the said goods were absolutely worthless and not reasonably suited for the purpose for which they were bought.   A large percentage of said goods were sold as rolled gold plate, but as a matter of fact there was no gold plate about it, and by a few days wear it would show that it was simply brass or other similar metal, turning black. As fast as sold it was returned to the defendants as worthless.   It was in fact worthless, and they could not handle it.·  To do so was an injury to their business.   They offered to return it to the plaintiff, but the latter declined.   Defendants still tender it.

The plaintiff moved orally to strike the paragraph of the answer which set up this plea, on the ground that it failed to set up any valid defense.   The motion was overruled.

The court, over plaintiff's objection, allowed one of the defendants to testify, that the goods sold to them by plaintiff, for which

this suit was brought, were not rolled gold, and were worthless and unsuited for the purpose of being sold to their customers; that the greater portion of said goods turned black within a short while, were nothing but brass, and nearly all of the goods sold by defendants had been turned back to them by the purchasers. Plaintiff's counsel objected to this evidence, on the ground that it was irrelevant and constituted no defense to the action, in the absence of any allegation in the defendant's plea, or any testimony going to show that the defendants had complied with the terms of their contract by returning the goods to the plaintiff. The plaintiff admitted in open court that if the testimony as to the character of the goods sold was admissible, and if the failure of the defendants to return the goods to the plaintiff did not bar them from pleading a failure of consideration, then the defendants were entitled to a verdict. Thereupon the court directed a verdict for the defendants, and the plaintiff excepted.

*R. C. Norman*, for plaintiff.

*T. H. Remsen* and *John T. West*, for defendants.

LUMPKIN, J. (After stating the facts.) It is provided in the Civil Code, § 3555, that "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants — 1. That he has a valid title and right to sell. 2. That the article is merchantable, and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." If the property is sold under a contract of express warranty, the terms of which explicitly define the warranty actually made, the law of implied warranty in the sale of personalty has no application. *Malsby* v. *Young*, 104 *Ga.* 205; *Johnson* v. *Latimer*, 71 *Ga.* 470; *Holcomb* v. *Cable Company*, 119 *Ga.* 466. It is contended that the contract sued on contained an express and complete warranty, and therefore excluded a defense based on implied warranty. This contention, however, is not sound. It is doubtful whether the written contract contains any warranty at all, in the proper sense of the term. It is certain that it does not purport to contain an express warranty explicitly defining the warranty actually made. As applied to sales of personal property a warranty has been defined,

as follows: " A warranty is a statement or representation made by the seller of goods, contemporaneously with and as a part of the contract of sale, though collateral to the express object of it, having reference to the character, quality, or title of the goods, and by which he promises or undertakes to insure that certain facts are or shall be as he then represents them. The warranty may be either express or implied. It is the former when created by the apt and explicit statements of the seller; the latter, when the law derives it by implication or inference from ,the nature of the transaction, or the relative situation or circumstances of the parties." Black's Law Dict. " Warranty." In the contract under consideration there is no warranty as to the character, quality, or title of the goods. There is an agreement, called " warranty," that articles failing to wear satisfactorily may be replaced by new. articles free of charge, if returned to the vendor within five years. There is also an agreement as to exchanging articles not selling readily. But neither of these could properly be called an express warranty in regard to the character, quality, or title, which would exclude the implied warranty raised by the law. If the goods sent were entirely different from those sold, and unsuited to the purposes for which they were sold, would it be any answer to the plea of breach of implied warranty or failure of consideration to say that the purchaser should send back the articles . bought and get more (presumably of the same sort) ? There is no indication that the vendor proposed to furnish articles of a different sort or quality ; but simply that if those sold did not wear satisfactorily, they would be replaced with new ones. According to the evidence for the defendants, if the articles furnished the second time were like those first furnished, it would be to satisfy one breach of warranty by committing another. It does not appear that the defects were such as could have been discovered by the purchasers within two days, so as to make the clause providing for notice to the vendor applicable. If it were held, as contended, that there was a complete warranty in the contract, excluding any implied warranty, suppose that it had appeared that the vendor had no title to the goods, would not the purchaser also have been excluded from setting up that defense ? But this will hardly be claimed.

The case of *National Computing Scale Co.* v. *Eaves*, 116 *Ga.* 511, is very much like the one under consideration. The National Computing Scale Company sold to Eaves and another a set of computing scales. In the contract appeared the following words: "Guaranty.—Should said National Computing Scales get out of order at any time within two years from date of shipment, with ordinary use (not dropped or broken), the National Computing Scale Co. to quickly repair the same free of charge, the purchaser paying transportation charges to and from the factory." Mr. Justice Cobb, delivering the opinion, dealt with the question as follows: "While there is no express warranty in the contract, other than the warranty that the plaintiff will repair any defects when not brought about in a given way, still there is nothing in the contract which excludes the implied warranty of the law, nor is the transaction one of such a nature as that such warranty would be excluded. The plaintiff, therefore, at the time of the sale, warranted that the scales were reasonably suited to the uses intended; and if this was not true by reason of any defect then existing, the plaintiff would not be entitled to recover, without regard to whether the defendants had given it any opportunity to make the scales so suited. But the defendants could not defeat a recovery on account of a defect which arose after the sale, unless it appeared that the scales were returned to the plaintiff and it had failed or refused to repair the same within a reasonable time, or unless it appeared that the defect was of such a character that it could not have'been remedied by the plaintiff if the scales had been returned to it." The case of the *Equitable Mfg. Co.* v. *Biggers*, 121 *Ga.* 381, is not in point. The decision in that case simply held, that where a written contract stipulated that the sale was made under inducements and representations therein expressed, and no others, it was not a valid defense to an action for the price of the goods, that the purchaser was induced to enter into the agreement by false representations made by the agent of the seller, not contained in the contract, where the purchaser was not shown to have been misled or deceived as to its contents, or prevented from ascertaining the same.

*Judgment affirmed. All the Justices concur, except Candler J., absent.*