### 2004.    WHITE & SMITH *v.* MERCANTILE JEWELRY CO.

POWELL, J.   1.   An agreement in a contract for the sale of personal property, that the seller would repair or replace any of the articles found unsatisfactory, provided they were returned within a given time, is not an express warranty, although the contract in terms calls it a warranty. Therefore, such a stipulation does not prevent the defendant, when sued for the purchase-price of the goods, from relying upon an implied warranty. *Elgin Jewelry Co.* v. *Estes*, 122 *Ga.* 807 (50 S. E. 939).

2. Where it appears from the contract sued on that it was in contemplation of the parties that the goods were to be resold by the purchaser to his customers, testimony tending to show that the goods were of such inferior quality that they could not be sold without driving away the purchaser's customers, and thereby seriously injuring his business, is admissible under a plea setting up that the goods were wholly worthless.

3. The court did not err in refusing to grant the nonsuit, but did err in directing the verdict for the plaintiff. *Elgin Jewelry Co.* v. *Estes*, supra, *Lovvorn* v. *Eldorado Jewelry Co.*, 1 *Ga. App.* 349 (57 S. E. 926).

*Judgment reversed.*

Complaint, from city court of Douglas—Judge Roan.   May 17, 1909.

Submitted October 26,—Decided November 9, 1909.

*Lankford & Dickerson,* for plaintiffs in error.

*J. W. Quincey,* contra.

---

### 2008.    FLYNT *v.* BANK OF DUDLEY.

POWELL, J.   Under all the evidence in the case, the property was not subject.

*Judgment reversed.*

Levy and claim, from city court of Dublin—Judge Hawkins. May 18, 1909.

Submitted October 26,—Decided November 9, 1909.

*H. P. Howard, Hal B. Wimberly,* for plaintiff in error.