## 12297. NEW SOUTH RUBBER COMPANY v. MUSE.

JENKINS, P. J. 1. Where a defendant, by plea and answer to a suit on open account for goods sold, merely denied the indebtedness and set up that some of the articles furnished were worthless, and thus relied only upon a general implied warranty, without pleading any express warranty as to durability and quality, evidence as to such a special guaranty by the plaintiff's selling agent was improperly admitted, and it was error for the court to charge thereon. *Snowden* v. *Waterman*, 100 *Ga.* 588 (5), 591 (28 S. E. 121); *Pound* v. *Williams*, 119 *Ga.* 904, 906 (47 S. E. 218).

2. Except in cases where the defendant by his plea admits a prima facie case as alleged in the petition, so that the plaintiff without more, could recover the amount sued for, or where the defendant in open court makes such an admission and thereby assumes the burden of proof, the burden in all cases brought ex contractu lies upon the plaintiff, and it is incumbent upon him to establish all of the unadmitted material allegations as laid in the petition. Since the plea in the instant case does not admit a prima facie case, such as the plaintiff without more could recover on in the amount sued for, the general burden remained upon the plaintiff; and in the absence of a timely request, it was not incumbent upon the court to charge upon the shifting of the burden under the development of the evidence. *Western & Atlantic R. Co.* v. *Brown*, 102 *Ga.* 13 (29 S. E. 130); *Brunswick &c. R. Co.* v. *Wiggins*, 113 *Ga.* 842, 845 (39 S. E. 551, 61 L. R. A. 13); *Askew* v. *Amos*, 147 *Ga.* 613 (95 S. E. 5); *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 53, 55 (2) 92 S. E. 391).

　　　　　　　*Judgment reversed. Stephens and Hill, JJ., concur.*
　　　　　　　　　DECIDED NOVEMBER 1, 1921.

Complaint; from city court of Carrollton — Judge Hood. February 4, 1921.

*Boykin & Boykin,* for plaintiff.