### 12368. STANDARD PAINT AND LEAD WORKS *v.* POWELL.

JENKINS, P. J. 1. The defendant's plea does not set up an express warranty governing the quality of the goods purchased, but relies merely upon a breach of the warranty implied by law, and alleges that the goods were totally worthless. Neither does the testimony relative to the terms and conditions of the trade disclose any express agreement such as would exclude the warranty implied by law. *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807, 810 (50 S. E. 939); *Lovvorn* v. *Eldorado Jewelry Co.,* 1 *Ga. App.* 349 (57 S. E. 926); *White* v. *Mercantile Jewelry Co.,* 6 *Ga. App.* 860 (65 S. E. 1075). The court, therefore, did not err in limiting the charge accordingly. *New South Rubber Co.* v. *Muse,* 27 *Ga. App.* 549 (109 S. E. 296).

2. Except in cases where the defendant by his plea admits a prima facie case as alleged in the petition, so that the plaintiff without more could recover in the amount sued for, or where the defendant in open court makes such an admission and thereby assumes the burden of proof, the burden in all cases brought ex contractu lies upon the plaintiff, and it is incumbent upon him to establish all of the unadmitted material allegations as laid in the petition. Since the plea in the instant case does not admit a prima facie case, upon which the plaintiff, without more, could recover in the amount sued for, the general burden remained upon the plaintiff; and in the absence of a timely request, it was not incumbent upon the court to charge upon the shifting of the burden under the development of the evidence. *Western & Atlantic R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); *Brunswick &c. R. Co.* v. *Wiggins,* 113 *Ga.* 842, 845 (39 S. E. 551, 61 L. R. A. 513); *Askew* v. *Amos,* 147 *Ga.* 613 (95 S. E. 5); *Lazenby* v. *Citizens Bank,* 20 *Ga. App.* 53, 55 (2) (92 S. E. 391).

3. One general exception based on several grounds is made as to the admissibility of certain quoted portions of the evidence of four named witnesses, each of whom testified as to the quality and durability of similar paint and cement, which had been used by them, and which it was shown had been bought of the same company through the same agents about the same time as the goods sued for. The objections made to this testimony as a whole were that it was irrelevant, and hearsay, and consisted of mere statements of opinion. *Held:*

(*a*) While a small part of the testimony objected to is subject to the last two objections, the exception thus taken to the evidence as a whole is not well taken, under the general rule that an assignment of error upon the admission of specified evidence as a whole is inadequate, when some of it is not subject to the criticism made. *Brunswick &c. Co.* v. *Hoodenpyle,* 129 *Ga.* 174 (4), 175 (58 S. E. 705); *Burkhart* v. *Fitzgerald,* 137 *Ga.* 366 (2) (73 S. E. 583); *Higgs* v. *State,* 145 *Ga.* 414 (2), 415 (89 S. E. 361); *Ga. R. &c. Co.* v. *Decatur,* 129 *Ga.* 502 (2) (59 S. E. 217); *Jones* v. *Teasley,* 25 *Ga. App.* 784 (1, *b*) (105 S. E. 46).

(*b*) Since the record fails to disclose any evidence showing that the similar paint testified about was properly applied, with reasonable and ordinary skill and under proper and suitable conditions, the foundation laid for the introduction of such evidence was insufficient,

and for this reason it should have been excluded.   *Dunn* v. *Beck*, 144 *Ga.* 148 (2)  (86 S. E. 385);  22 Corpus Juris, 751 (2).

*Judgment reversed.   Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 18, 1921.

Complaint; from city court of Nashville — Judge Henson presiding.   March 28, 1921.

The evidence admitted over objection, referred to in the decision, is as follows: J. W. E. Powell: " I had reasons to believe that my lot of paint was just like those that were not at all satisfactory. I have not heard of but one lot that was used that was satisfactory; the men that put the paint on the hotel told me that it was no account. It seems from the court calender that there was a good many people that thought that it was no good. All I know about the paint put on my house is what my little boy said. "  Jim McKinnon: " I put some of this liquid cement on Mr. J. H. Anderson's house.   I do not know it was this Goodyear cement paint.   It was some Mr. Yates sold. "   Mallie Shaw: " I bought some paint from Standard Paint & Lead Works, through Mr. Yates and Mr. Bean.   They told me that 55 gallons of the paint would cover my house, and it would not cover but little more than half of it.   In order to finish it, I had to send for another shipment.   Before the last shipment come, I saw it was coming off of the roof; I would not open the last shipment.   This shingle I hold come off of my roof.   The paint come off of the shingles, and left more cracks than there was before.   It made my house look worse than it did before it was put on it.   It was worthless and damaged my house. "   Joas A. Alexander: " The liquid cement I placed on my roof was of absolutely no benefit.   If you were to give me the paint and hire a man to put it on free of charge, I would not let him put it on.   It was the most worthless stuff I ever saw in my life.   I come in an ace paying for mine."

*Story & Story,* for plaintiff.

*J. A. Alexander, W. D. Buie,* for defendant.