### 12538.  BENTLEY *v.* RICE.

STEPHENS, J.  1. If, in a contract for the sale of personal property, there is no express covenant of warranty, there is, unless expressly or from the nature of the transaction excepted, an implied warranty by the seller that the article sold is merchantable and reasonably suited to the use intended.  Civil Code (1910), § 4135.

2. Provisions in such a contract, whereby the purchaser is given the option, under certain terms and conditions, to return to the seller any of the articles purchased, on becoming dissatisfied with his sales to his retail trade, and to return to the seller any of the articles purchased which fail to give entire satisfaction, and receive from the seller new articles without charge, do not either expressly or from their nature eliminate from the contract the implied warranty that the goods are reasonably suited for the use intended. *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807 (50 S. E. 939).

3. The use of articles of jewelry for wearing apparel is not for purposes of utility alone, but is partly ornamental; and where such goods are sold under a contract of sale with an implied warranty that the goods are reasonably suited to the use intended, and they are purchased for the purpose of resale, which latter fact is known to the seller, the fact that the goods become tarnished and lose their original brilliant appearance after delivery to the purchaser might be such as to impair the intended use of the articles and thereby amount to a breach of the implied warranty.

4. In a suit by the seller to recover the purchase-price of the articles sold, although it appeared that the articles which failed to give satisfaction were not returned to the seller in accordance with the express terms and conditions of the contract, tho judge of the superior court erred in excluding the evidence offered by the defendant tending to establish such defense of a breach of implied warranty, and in thereafter directing a verdict for the plaintiff.

    *Judgment reversed. Jenkins, P. J., and Hill, J., concur.*
      DECIDED DECEMBER 14, 1921.

Appeal; Lincoln superior court — Judge Shirley. April 27, 1921.

*C. J. Perryman,* for plaintiff in error.

*Burnside & McWhorter,* contra.