## 17294.  BOONE *v.* LEWIS.

1. An action for damages for a breach of the implied warranty under subsection 2, section 4135 of the Civil Code of 1910, "that the article sold is merchantable, and reasonably suited to the use intended," lies where there is a partial failure of consideration.·

2. The measure of damages in this case is the difference between the price paid for the hogs and their actual value as reduced by their defective condition.

(*a*) Expense properly and reasonably incurred by the plaintiff in going to Atlanta in order to lessen the loss caused by the disease was a proper item of damages.

3. The remaining grounds of the demurrer were not meritorious, and the court properly overruled them.

DECIDED JUNE 15, 1926.

Complaint; from city court of Valdosta—Judge Cranford. March 18, 1926.

*G. A. Whitaker, Copeland & Dukes,* for plaintiff in error.

*E. K. Wilcox,* contra.

LUKE, J.  W. B. Lewis, trading as Jasper Grocery Company, brought an action for damages against S. S. Boone, trading as Valdosta Stock Yards, alleging: (1) Defendant is a resident of Lowndes county.  (2) Shortly prior to January 24, 1923, petitioner purchased from said defendant a carload of hogs, which he intended, as the defendant was then advised, to ship to the State of North Carolina, and there resell them for slaughter.  (3) On said date, to wit, January 24, 1924, the defendant caused 193 hogs to be delivered to petitioner by H. J. Hall & Company at Sparks, Georgia, and they were there loaded in car MP 51613, and were immediately shipped to Frank Bullock & Company at Rocky Mount, North Carolina, to whom he had contracted to sell them.  (4) Petitioner paid defendant for said hogs the sum of $1017.22, that being the agreed price.  (5) The sale to petitioner was without any express warranty, but said hogs were purchased upon the

---

Sales, 35 Cyc. p. 397, n. 21; p. 441, n. 82; p. 470, n. 11; p. 475, n. 35.

warranty implied by law that they were merchantable and reasonably suited to the use intended. (6) At the time of delivery said hogs, or some of them, were infected with cholera, a contagious and deadly disease, and were unfit for the use intended. However, the disease had not developed to the extent that it was apparent upon or could have been discovered by inspection, and the defect was latent. (7) When said hogs reached Atlanta, to wit, on January 25, 1923, and were unloaded at the Miller Union Stock Yards for feed, water, and rest, one of them was dead and several others were sick. They were thereupon inspected and found to be suffering from cholera, and S. J. Horne, Esquire, chief inspector of the Bureau of Animal Industry of the United States Department of Agriculture in charge of this State, notified the transportation company which then had the shipment in its possession that the hogs would not be allowed to move any further. (8) Upon receipt of notice of what had occurred, petitioner immediately went to Atlanta, and upon his arrival found that eleven head of the hogs had died, and that others were probably infected with the disease. In an effort to lessen the damage, as he was in duty bound to do, he sold the remainder to the White Provision Company for immediate slaughter. They were slaughtered on January 29, 1923, and the carcasses of four of them were found to be unfit for food, because of said disease, and were condemned. (9) Petitioner received for the hogs so sold and slaughtered $582.84 only, and the expense of his trip to Atlanta for the purpose aforesaid was $37.50. (10) By reason of the facts herein set forth, there was a breach of warranty on the part of the defendant, and because of said breach petitioner has been injured and damaged in the sum of $471.88, for which defendant is justly liable to him, with interest since January 24, 1923, at the rate of seven per cent. per annum. When the petition was demurred to, both generally and specially, the plaintiff amended by adding at the end of the ninth paragraph thereof the following: "He avers that the said hogs were sold by him to the best possible advantage, the said sum of $582.84 being the highest and best offer he was able to get, although he made diligent effort to obtain a better price." After this amendment was allowed, the first demurrer was renewed, with other grounds added. The demurrers were overruled, and defendant excepted.

1. It is contended by counsel for plaintiff in error that the case

of *Snowden* v. *Waterman,* 100 *Ga.* 590 (28 S. E. 121), lays down the rule that in an action for a breach of the implied warranty under subsection 2, section 4135 of the Code of 1910, plaintiff must allege and prove that the thing sold is totally worthless and useless. That section is as follows: "If there is no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants—1. That he has a valid title and right to sell. 2. That the article sold is merchantable and reasonably suited to the use intended. 3. That he knows of no latent defects undisclosed." In passing upon the demurrer in the *Waterman* case the court said: "The petition, before it was amended, in effect alleged that the article sold was not merchantable and was not reasonably suited to the use intended, and was 'wholly and utterly worthless.' Therefore the court committed no error in overruling a general demurrer thereto." Unquestionably this conclusion is correct. We see no reason, however, why the ruling in that case should be extended beyond its facts and be deemed authority for holding that a partial failure of consideration can not be properly pleaded under subsection 2, supra. The same decision rules that "If the plaintiff seeks to recover for a breach of the implied warranty under the third clause, he must allege and prove that the seller knew of latent defects and failed to disclose them."

If in the case at bar the disease was of such a nature that it was not known to the seller, there could be no recovery under the third clause. If a recovery could only be had under the second clause when there is a total failure of consideration, the plaintiff would, even though he had, as alleged, suffered material loss because of a partial failure of consideration, be without remedy under the second subsection of section 4135. Section 4136 reads: "A breach of warranty, express or implied, does not annul the sale if executed, but gives the purchaser a right to damages. It may be pleaded in abatement of the purchase money. If the sale be executory, it is a good reason for the purchaser to refuse to accept possession of the goods." This court, in *Bentley* v. *Rice,* 27 *Ga. App.* 816 (3) (110 S. E. 26), held: "The use of articles of jewelry for wearing apparel is not for purposes of utility alone, but is partly ornamental; and where such goods are sold under a contract of sale with

an implied warranty that the goods are reasonably suited to the use intended, and they are purchased for the purpose of resale, which latter fact is known to the seller, the fact that the goods become tarnished and lose their original brilliant appearance after delivery to the purchaser might be such as to impair the intended use of the articles and thereby amount to a breach of the implied warranty." If a partial failure of consideration may be pleaded in defense to a suit for the purchase price of an article where the article is not merchantable and reasonably suited to the use intended, it would appear that partial failure of consideration should be allowed where the entire purchase price is paid and the plaintiff exercises his right to proceed for damages under section 4135, supra. Our conclusion is that in an action for damages for a breach of the implied warranty "that the article sold is merchantable, and reasonably suited to the use intended," it is proper to plead a partial, as well as a total, failure of consideration, and that the petition was good in this respect.

2. The next ground of the demurrer is that the petition fails to set out any legal measure of damages. The correct measure of damages in this case is the difference between the price paid for the hogs and their actual value as reduced by their defective condition. *Berry* v. *Shannon,* 98 *Ga.* 459 (25 S. E. 503) ; *Atkins* v. *Cobb,* 56 *Ga.* 86; *Badgett* v. *Broughton,* 1 *Ga.* 591; *Feagin* v. *Beasley,* 23 *Ga.* 17. Fairly construed, the petition as amended alleged damages in accordance with this rule, and the court did not err in overruling the demurrer in this regard.

(*a*) Expense properly and reasonably incurred by plaintiff in going to Atlanta in order to lessen the loss caused by the disease was a proper item of damages. *Snowden* v. *Waterman,* 105 *Ga.* 84 (4) (31 S. E. 110) ; *Leitner* v. *Goodwin,* 60 *Ga.* 149 (2) ; *Feagin* v. *Beasley,* supra.

3. The remaining grounds of the demurrer were not meritorious, and the court properly overruled them.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur*