## 32371. HIGHTOWER v. SCARBOROUGH.

DECIDED MAY 31, 1949.

*E. L. Stephens,* for plaintiff in error.
*Al Hatcher, Palmer W. Hicks,* contra.

MACINTYRE, P. J. A plaintiff can not recover except upon the cause of action as laid in his petition. If the pleader had intended the suit as one upon quantum meruit, that is, for services rendered, independently of the contract to compensate him at the rate of $60 per month, all that would have been necessary would have been a short petition alleging that the services were rendered, their value, and that the plaintiff had not been

paid for them, together with a bill of particulars of the services rendered, or averments in the petition showing when and how the services were rendered. It would not have been necessary to refer to the contract at all, but the pleader set out the contract with particularity, and alleged that for the services rendered in caring for his nephew his nephew was to pay him sixty dollars per month for 66 months, namely, $60 per month from July 1, 1938, to January 7, 1945; and that in addition thereto he had paid and expended for the benefit and use of his nephew for business and debts $540 in September, 1939. It seems to us that the pleader sets out a special express contract, and the breach of this contract is distinctly alleged. Even if the plaintiff. proved by circumstances that the nephew was indebted to him for a certain sum of money paid and expended for his nephew's benefit and use, and that the plaintiff had performed the services alleged, the plaintiff failed to prove the alleged express special contract that he was to receive $60 per month for 66 months, and thus he failed to prove his cause of action; for this provision, that he was to receive $60 per month for 66 months, if omitted from the proof, could not be supplied by the law when the plaintiff proved that the services had been rendered together with their reasonable value. If the suit had been founded upon an indebitatus assumpsit count, which is the most comprehensive of all the general assumpsit counts, and if the plaintiff had alleged that the defendant was indebted to the plaintiff for a certain sum of money paid for the nephew's use and benefit and for personal services rendered, all of which were incurred in a named way at the nephew's special instance and request, and that the nephew was so indebted, and that the nephew impliedly promised as consideration therefor to pay the plaintiff said sum of money, another question would have been presented. See, in this connection, 5. C. J. 1380, § 5. We think that the following language of Judge Bell in *Graham* v. *Jones*, 39 *Ga. App.* 610 (147 S. E. 902), is applicable in the instant case: "A plaintiff can not recover except upon the cause of action as laid in his petition. The plaintiff here sued for the amount of certain money expended for the benefit of the defendant's testator and for the value of certain services rendered to the testator during his lifetime, the case being laid upon the theory of an express promise and agree-

ment by the testator to pay the plaintiff the amount of money so expended and the value of the services so rendered. The evidence failed to show any such special contract; and the plaintiff having sued on a special agreement, was not entitled to recover on an implied obligation." See also *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.*, 28 *Ga. App.* 391 (111 S. E. 220). In *Jackson* v. *Buice*, 132 *Ga.* 51, 54 (63 S. E. 823), it is said: "The rule is that the pleader may declare an express, *non-special* contract, and recover upon proof of an implied promise. But he cannot declare upon a special contract, and recover upon proof of an implied promise, nor vice versa." (Emphasis added.) In short, the verdict in the plaintiff's favor was unauthorized and should have been set aside on the motion for a new trial.

Under this view of the case it is unnecessary to pass upon the special grounds of the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*