33741. ABERNATHY *v.* PUTNAM *et al.*

Decided March 14, 1952.

*Harbin M. King, Matthews, Owens & Maddox,* for plaintiff.
*Henry L. Barnett, James B. Langford,* for defendant.

GARDNER, P.J. 1. In the first amended ground of the motion for new trial, the plaintiff says that the court erred in charging the jury, "that the plaintiff in this case enters on the trial of the case with the burden of proof on him to prove to you by a preponderance of the evidence the correctness of his conten-

tions." This charge was not error. The defendants did not admit, by their pleadings or otherwise, a prima facie case in the plaintiff. See *Standard Paint & Lead Works* v. *Powell,* 27 *Ga. App.* 691 (2) (109 S. E. 513). If the plaintiff had desired a fuller and more complete charge to the jury on the subject of the burden of proof or as to the shifting thereof, he should have timely and properly requested such a charge. *Cook* v. *Hightower & Co.,* 13 *Ga. App.* 309 (4) (79 S. E. 165). The burden was on the plaintiff to prove his contentions. See Code, § 38-103. "Except in cases where the defendant by his plea admits a prima facie case as alleged in the petition, so that the plaintiff without more could recover in the amount sued for, or where the defendant in open court makes such an admission and thereby assumes the burden of proof, the burden in all cases brought ex contractu lies upon the plaintiff, and it is incumbent upon him to establish all of the unadmitted material allegations as laid in the petition. Since the plea in the instant case does not admit a prima facie case, upon which the plaintiff, without more, could recover in the amount sued for, the general burden remained upon the plaintiff and in the absence of a timely request, it was not incumbent upon the court to charge upon the shifting of the burden under the development of the evidence." *Standard Paint & Lead Works* v. *Powell,* supra. There being no request for a full and complete instruction to the jury on this subject, and the charge given not being incorrect insofar as it went, no reversible error appears. This case is not at all like such cases as *Cox* v. *McKinley,* 10 *Ga. App.* 492 (73 S. E. 751) and *De Lay* v. *Galt,* 141 *Ga.* 406 (81 S. E. 195). The jury here did not render a verdict in favor of the defendant Mrs. Putnam on her so-called plea of failure of consideration, but found in favor of the plaintiff on a quantum meruit, and it is the plaintiff who complains of the verdict and seeks a new trial. The plea interposed by Mrs. Putnam amounted to merely an amplification of the defense set up in her original answer, which was to the effect that the plaintiff had not completed his parol undertaking to drill this well on her property.

2. In the second amended ground of the motion for new trial, the plaintiff insists that the charge above quoted was error, for the reason that the trial judge failed to instruct the jury in

connection therewith that the burden was on the defendants to establish their contentions and affirmative defense by a preponderance of the evidence. A correct and applicable instruction to the jury is not error because the court fails to charge in connection therewith another correct principle of law. Besides, as we have seen, no request was made for a full and complete charge on the question of the burden of proof.

3. The plaintiff, in the third amended ground of his motion for new trial, complains that the court erred in charging the jury as follows: "I charge you that ordinarily where one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof, but this presumption does not usually arise in cases between near relatives. . . I further charge you that if you find from the evidence in this case that the contentions of the defendants are correct, and that the plaintiff in the case contracted to furnish them soft water or to case the well as contended by the defendants, and if you find that that was the contract, and that the plaintiff did not either furnish soft water or case the well, as the defendants contend that he agreed to do, then you would not be authorized to find for the plaintiff the full amount sued for. . . I further charge you, that if you find from the evidence in this case that they did enter into a contract for the digging or boring of the well, as set out in the plaintiff's petition, and that the plaintiff entered upon the work and furnished water of value to the defendants, that in that event the plaintiff in this case would be entitled to recover at your hands a verdict for whatever you find to be a reasonable value of the work done and the materials furnished. That would be a matter for the jury to determine from all the evidence and the facts and circumstances in this case. . . If you do not find for the plaintiff that amount (the contract price, $1927.50), then you would find—and you also find that there was an agreement between them to dig or bore the well, and the plaintiff did dig or bore the well to the depth claimed by him, and has furnished water that is of value to the defendants, then you would find, as stated, a verdict for the plaintiff for whatever amount you find to be the reasonable fair value of the work done and materials furnished. In that event, the form of your verdict would be,

'We, the jury, find for the plaintiff, so many dollars and cents,' whatever amount you think would be right and fair and reasonable and just between all the parties to this case."

Error is assigned, in special ground 3 on the foregoing excerpt from the charge, as follows: "(a) It was, in effect, a charge of the law relating to partial failure of consideration, which was not authorized by the evidence, in that the jury was not given any data from which they could estimate with reasonable certainty the abatement of the full amount of the contract price; (b) it was inapplicable to the issues made by the pleadings and the evidence, in that there was no plea or evidence tending to show a partial failure of consideration, but on the contrary, the defendants contended only that there was a total failure of consideration; (c) it was, in effect, a charge of the law relating to quantum meruit, which was not authorized by the pleadings or evidence, in that the suit was brought only on an express contract, and movant could not and did not submit evidence which showed the reasonable value of his services; (d) it was confusing and misleading to the jury in that it caused them to believe that they did not have to determine whether or not an express contract was made and complied with, and could, instead, find for the plaintiff the value of the services rendered. Movant avers said charge was prejudicial to him in that it caused the jury to·find a verdict for him in an amount less than the express contract price sued for."

In special ground 4 of the motion for a new trial, the plaintiff complains of this charge: "If you find from the evidence in this case that they did enter into a contract for digging or boring of the well, as set out in the plaintiff's petition, and entered upon the work and furnished water of value to the defendants, that in that event the plaintiff in this case would be entitled to recover at your hands a verdict for whatever you find to be the reasonable value of the work done and materials furnished. That would be a matter for the jury to determine from all the evidence and the facts and circumstances in this case." Error is assigned by the plaintiff on this charge, as follows: Said charge was "erroneous and not sound as an abstract principle of law; (b) was misleading and confusing to the jury, in that it was in conflict with a previous charge given to the jury as follows: 'If

you find from the evidence in this case that the contract as claimed by the plaintiff in this case was made and entered into by the parties, and that the plaintiff completed his work and furnished the materials as contracted for, that the plaintiff would be entitled to recover whatever was the contract price, which, I believe, the pleadings show to be $1927.50'; (c) was erroneous in that it prevented the jury from finding in favor of the plaintiff the contract price, even though the defendants failed to prove, by a preponderance of the evidence, a total or partial failure of consideration. Movant avers said charge was prejudicial to him in that it caused the jury to find a verdict in his favor in an amount less than the express contract price sued for."

The plaintiff contends that the contract to drill this well was fully and faithfully performed and completed by him according to the express contract he made, and he so testified. He sets up that he sued on an express contract with the defendants, which had been completed and performed according to its terms. While, under the plaintiff's pleadings and the evidence, the jury could have found that the plaintiff had completed his express contract and had performed the same as agreed and was entitled to the amount thereof, the jury did not see fit so to find, but found that the plaintiff had not performed his alleged express contract sued on, and was not entitled to recover the contract price, being the amount sued for. It is contended by the plaintiff that, under the principle of law held in *Shropshire* v. *Heard*, 27 *Ga. App.* 256 (107 S. E. 892)—that "The plaintiff sued on an alleged express contract, . . he was not entitled to recover on a quantum meruit"—the foregoing charges were error and prejudicial to him and permitted the jury to find for a lesser sum than the contract price. The jury having found against the contentions of the plaintiff that he had complied with the express contract with the defendants as set up by him—he would be, under his own contentions, therefore, entitled to nothing. He states that he introduced the evidence upon which a finding for less than the amount he agreed to do the work of digging this well for would be unauthorized. In effect, the plaintiff says, "I am entitled to recover all sued for under this express contract or nothing." The jury found that he was not entitled to recover on the express contract for the sum sued for, but did find in his favor for $150.

The plaintiff can not very well complain of the charges set out in these special grounds, as based thereon he received a verdict in his favor for $150, to which sum he was not, under his own contentions, entitled under the facts of this case. It is settled law that a plaintiff who sues upon an express contract can not recover on a quantum meruit. *Alford* v. *Davis,* 21 *Ga. App.* 820 (95 S. E. 313); *Hightower* v. *Scarborough,* 79 *Ga. App.* 342 (53 S. E. 2d, 726). However, without deciding whether the charges excepted to infringe the above principle, we do not think that the plaintiff is in a position to complain, having as a result thereof received $150, to which he was not entitled under the findings of the jury and his own contentions.

4. The verdict in favor of the plaintiff was not manifestly against the evidence and was not so small and inadequate as to justify the inference of gross mistake or undue bias on the part of the jury against the plaintiff. The jury could easily have found in favor of the defendants. The jury could have found that the plaintiff was not entitled to recover anything, that he did not complete his contract, and that the work done by him was worthless to the defendants. The plaintiff testified as to facts showing the work done, the time employed, the help used, the material used; and that such work was not entirely worthless and without value, and the plaintiff was, therefore, entitled to recover something. The jury were authorized to find that the plaintiff had not performed his undertaking to drill the well as he contended, and that he was, therefore, not entitled to the sum sued for, $1927.50; but that there was an implied obligation on the part of the defendants to pay him for the value of the work as done by him, under the provisions of Code § 3-107, which provides that "Ordinarily, when one renders services or transfers property valuable to another which the latter accepts, a promise is implied to pay the reasonable value thereof." It cannot be said as a matter of law that the real estate of the defendant Emma D. Putnam was not improved to some extent by the services rendered and the work done by the plaintiff. See *Collins* v. *Frazier,* 23 *Ga. App.* 236 (98 S. E. 188).

The jury would have been authorized under the evidence to have rendered a verdict for the defendants. The plaintiff is complaining of the verdict and seeking a new trial. The verdict

here, which was on a quantum meruit, was not as a matter of law unauthorized.

The court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*