34630. STEVENS *v.* FORT INDUSTRIES, INC.

DECIDED JULY 15, 1953.

*Geo. Starr Peck,* for plaintiff in error.

*Jones, Williams, Dorsey & Kane,* contra.

GARDNER, P. J. ■ The court was authorized to determine that the plaintiff did not make out by evidence his case as alleged in the petition. The petition alleged that an express contract was entered into and detailed the terms thereof. When a petition is based upon an express contract, which the plaintiff alleges and fails to prove by evidence, he cannot recover on quantum meruit unless he amends the petition to bring it under the principle of law governing quantum meruit. In the case of *Abernathy* v. *Putnam,* 85 *Ga. App.* 644 (69 S. E. 2d 896), it will be observed that the facts were almost on all fours with those in the instant case. See also *Blackston* v. *Durant,* 65 *Ga. App.* 86 (15 S. E. 2d 261) ; *Frierson* v. *Fincher,* 134 *Ga.* 113 (67 S. E. 541). It follows that the contention of the plaintiff that the court of necessity based a finding on quantum meruit is not a correct contention under the facts of this case. So far as the general grounds are concerned, they are without merit.

■ It is somewhat out of the regular order, but we will now consider the assignment of error on the exceptions pendente lite. The court overruled the plaintiff's demurrer for the reason above stated—that it was not filed in time. Code (Ann. Supp.) § 81-301 provides in part: "All demurrers of the plaintiff to the defendant's answer or other pleas shall be filed within 15 days after such defensive pleadings are filed." The demurrers in the instant case to the defendant's answer were not filed within the statutory time, but were filed 19 days after the answer was filed. The rule above quoted, being a rule of the superior court, is applicable to the Civil Court of Fulton County (formerly the Atlanta Municipal Court). The act of the General Assembly approved March 10, 1933 (Ga. L. 1933, p. 297), now applicable to the Civil Court of Fulton County, expressly provides: "Where the amount sued for, or the value of the property sued for or claimed, or the amount of the lien sought to be enforced either by the plaintiff or the defendant is $300.00 or more, exclusive of interest, attorney's fees and costs, the pleadings in such cases shall be in conformity with the rules of pleadings now in force

or may hereafter be put in force in the superior courts of the State of Georgia." In support of his contention that the court erred in overruling the demurrers of the plaintiff to the answer of the defendant, counsel relies on *Allen* v. *Hix Green Buick Co.,* 78 *Ga. App.* 34 (c) (50 S. E. 2d 167). The question raised in that case has no application to the question here for decision. In that case the court simply held that the exceptions to the overruling of the motion for new trial must be filed within 15 days, as required by section 42 (b) of the act of the General Assembly above referred to regarding the Civil Court of Fulton County. That is an express provision in the above-mentioned act regarding the Civil Court of Fulton County. We will not go into a discussion of the difference between an express provision in a statute concerning a court like the Civil Court of Fulton County as to when such express provision applies and when Rule 5, as to the superior court, applies. The court did not err in overruling the demurrer.

■ ■ We will deal with the first and second special grounds (special grounds 4 and 5) together. Special ground 4 complains because the judgment did not include the Federal tax of 3% and the Georgia State tax of 3% on $500. Special ground 5 contends that the evidence shows the verdict should have been a minimum of $1,052.58, plus sales tax of $31.58 and Federal transportation tax of $31.58, making a total of $1,115.74. We have already determined that the plaintiff's action was based upon an express contract, and not one of quantum meruit as the plaintiff contends in these two grounds. In special ground 5 the plaintiff states that the court must have found the verdict on quantum meruit, and quotes the court as saying "That there was no basis for a recovery under any express contract." We think that the court was right, as we have hereinbefore stated, under the evidence in the instant case. This being true, the defendant was not, as a matter of law, entitled to any verdict for any amount. He, therefore, received $500 to which he was not entitled under the law and facts and, of course, he cannot complain of this. See *Abernathy* v. *Putnam,* supra, p. 653.

■ Special ground 6 complains of the exclusion of testimony offered by the plaintiff, to the effect that it is a universal custom of the trade as to payment for overtime and for work on Sunday.

We think the court was correct in this ruling. The plaintiff, in this regard, was an individual contractor. We know of no law that provides for time and half-time pay for overtime and double pay for Sunday, unless the contract between the parties so provides, or there is a statutory provision relative to it. The contract did not provide for overtime pay, under this record.

■ Special ground 7 complains because the court refused to admit evidence that the work was accepted as satisfactory, and as to whether or not there was any complaint made to the plaintiff. Over objection, the court refused to admit this testimony on the ground that it was a conclusion, for no evidence was offered as to who did anything. Under this record, the court did not err in excluding this evidence.

■ Special ground 8 complains that, while the plaintiff was on the stand testifying in his own behalf, he testified that the amount set out in his petition ($6 per hour for one truck and operator, and $2 per hour for each additional man) for the labor and the equipment which he used in moving the equipment, was a certain amount, more than $3.25. On cross-examination, the plaintiff was asked if he had on the very morning of the trial quoted a rate of $3.25 per truck and operator and $1 per extra man. The plaintiff admitted that he had. This evidence was admissible for impeachment purposes. Counsel for the plaintiff did not, on redirect examination, offer any explanation for such apparent inconsistency. No reversible error is shown in this ground.

■ Special ground 9 assigns error because the court, during the progress of the trial, and after the plaintiff tendered in evidence certain facts from a notebook, instructed the plaintiff to produce in court his books. We cannot see how this could have prejudiced the plaintiff's case. The objection was that he had received no notice to produce the books. There is no error shown by the requirement of the court for the books to be produced in regard to this transaction.

■ An assignment of error is made in special ground 10, because the court admitted, over objection of the plaintiff, the cost of moving 20% more similar radio equipment, with the exception of a few items, for a longer distance by another transfer company for $678.95. The record reveals that there was no

contract with the company and the defendant. In the instant case, there was an express contract declared upon in the petition, and the defendant by his evidence failed to comply with the alleged contract. There is no reversible error shown in this ground.

Error is assigned in special ground 11 because the court refused to permit the wife of the plaintiff to testify as to how many men were on the job. The evidence reveals that the witness was never on the job and could not have known how many men or trucks were on the job moving equipment. The court did not err in excluding this testimony.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*