## 54322. E. H. SILER REALTY & BUSINESS BROKER, INC. v. DARTY.

BANKE, Judge.

The appellant, E. H. Siler Realty & Business Broker, Inc., appeals a jury verdict awarding it $500 on its suit against Ben Darty, the appellee, for breach of a business brokerage contract.

On April 2, 1976, Darty signed a brokerage contract giving Siler Realty an exclusive listing through May 15, 1976, for the sale of Darty's business. Darty had previously granted an exclusive listing to Associated Business Brokers for a three-month period ending on May 20, 1976. On April 30, 1976, Darty sold his business through Associated Business Brokers.

Siler Realty sought to recover under the terms of its contract with Darty a $1,500 commission fee since Darty had sold the business during the time period of Siler's

exclusive listing. Darty refused to pay alleging that Siler had never complied with its obligations under the contract. At trial, Siler presented evidence in support of its claim that it had substantially complied with its duties under the contract.

Darty also defended against Siler's claim for the $1,500 commission on the basis that the contract was obtained by fraud. The trial judge permitted Darty to testify regarding an oral agreement between the parties that the contract related to only one prospective purchaser who was at that time known to Siler. He also testified that the contract was blank when he signed and that Siler then filled in the contract contrary to their understanding. According to Darty's testimony, Siler Realty was aware that his prior contract with Associated Business Brokers was still in effect.

There was also a provision in the contract providing for 2 percent of the gross sales price, but not less than $500, as liquidated damages if Darty withdrew his business from the market or ceased its operation.

1. Siler Realty alleges that the trial court erred in refusing to grant its motion for directed verdict for the sum of $1,500. Under the contract, Siler could recover its brokerage commission (because of Darty's sale of the business through other agents) only if it had first complied with four contractual obligations. Specifically, Siler's duties were to list, to offer for sale, to endeavor to sell [the business], and to advertise the business.

Siler presented undisputed evidence that it had advertised Darty's business, but the evidence was equivocal as to his fulfillment of the remaining duties. The trial judge, therefore, properly left to the jury the factual question of whether the evidence proved that Siler had substantially complied with the contract. See *Abernathy v. Putnam,* 85 Ga. App. 644 (69 SE2d 896) (1952).

2. In his second and third enumerations, Siler alleges that the trial judge erred in denying his motion for judgment notwithstanding the verdict and in entering judgment on the verdict because the amount was inadequate and unauthorized by law or contract. Siler's position is that since it was suing on an express contract,

the jury was authorized to award it either the entire $1,500 or nothing at all, depending on whether they found substantial compliance with the contract.

The judge instructed the jury on the law applicable to partial failure of consideration and on fraud as defenses to a suit for breach of contract. The jury was also instructed to award Siler a reasonable recovery based on the evidence if they found partial compliance. The judge further charged the jury that if they found that it was Darty who breached the contract, but in such a way as not to entitle Siler to the brokerage commission, they should return a verdict for Siler's proved actual damages. Siler objected at trial to the charge given on partial failure of consideration, but has not alleged on appeal any error with regard to the charge.

It is impossible to determine which theory the jury relied on in returning a verdict of $500 for Siler Realty since their verdict was in general form. However, based on our decision in *Abernathy v. Putnam,* 85 Ga. App. 644, supra, we find the verdict to be authorized. In that case, Abernathy sued to recover $1,927.50 (the contract price) for drilling a well on the Putnams' property. He alleged that he had fully complied with the terms of their oral contract. The Putnams admitted the contract but denied satisfactory compliance with its terms by Abernathy. The jury returned a verdict for Abernathy but only for $150. On appeal Abernathy alleged error in the judge's charge to the jury and sought reversal of the denial of his motion for new trial. He contended, as does Siler Realty here, that he was entitled to the full contract price or nothing at all and that the verdict returned was inadequate as a matter of law.

The jury concluded that Abernathy had not performed his contract, but awarded him $150 on a quantum meruit theory. It is settled law that a recovery on quantum meruit is not authorized upon suit on an express contract. *Hightower v. Scarborough,* 79 Ga. App. 342 (53 SE2d 726) (1949). Nevertheless, the court affirmed the jury's verdict for Abernathy because ". . . the plaintiff is in [no] position to complain, having as a result thereof received $150, to which he was not entitled under the findings of the jury and his own contentions."

*Abernathy v. Putnam,* supra, at 653.

As we said earlier, we think the *Abernathy* decision is dispositive of Siler Realty's appeal in this case. We must reject its contention that the appeal is controlled by our decision in *Thompson v. Hudson,* 76 Ga. App. 807 (47 SE2d 112) (1948). In *Thompson* there was a unilateral contract between the realtor and seller because the realtor was not required to undertake any specific activity in attempting to sell the business. The court ruled, however, that the requisite mutuality of consideration was supplied when the realtor undertook to perform the contract by advertising the business for sale and permitted it to recover damages for breach of contract. The facts here differ significantly from those in *Thompson* in that Siler Realty was contractually obligated to undertake four specific activities in attempting to sell Darty's business. And, as we discussed in Division 1, the jury was authorized to find Siler had not substantially performed.

Finally, there is no merit to Siler's allegation that the verdict was inadequate. There was no evidence of gross mistake or undue bias of the jury against Siler Realty. Code Ann. § 105-2015; *Kell v. Hunter,* 84 Ga. App. 792 (67 SE2d 597) (1951); *Abernathy v. Putnam,* supra.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 5, 1977.

*Timothy A. Siler, L. C. Chrietzberg,* for appellant.
*Joseph C. Rary, Robert P. Hoyt,* for appellee.