DOUGLASS & VARNUM *v.* VILLAGE OF MORRISVILLE.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, AND HASELTON, JJ.

Opinion filed March 20, 1911.

*Pleading—Demurrers—Sufficiency—Assumpsit — Declaration —*
*Sufficiency—Promise to Pay—Double Counts—Estoppel—*
*Contracts—Performance—Construction—Agreement to Arbi-*
*trate—Scope—Municipal Corporations—Construction of Con-*
*tracts—Waiver of Provisions—Pleas—Sufficiency.*

A general demurrer to enumerated counts is equivalent to a separate general demurrer to each count.

A declaration in assumpsit must allege a promise by defendant to pay; allegations of evidence of a *quasi* promise to pay being insufficent.

The test of the sufficiency of the allegations of a declaration in assumpsit to show a promise by defendant to pay, even where the promise relied on is implied by law, is not whether proof of the allegations would establish such a promise.

A count in assumpsit by a contractor for breach of a written construction contract and for extra work done without the terms of the contract is double.

In assumpsit for extras under a construction contract, an allegation in the declaration reciting a provision of the contract that payment for work thereunder and for extras should be made on final estimate insufficiently pleads the promise to pay, where there is no allegation of any estimate sufficient to bring the case within the recited provision of the contract.

In assumpsit on a dam construction contract for extra work in filling a fissure in the bed of the stream, the declaration sufficiently stated the facts relied upon to constitute an alleged waiver of a provision of the contract requiring a written order for extra work, where it alleged that the extra work was not comtemplated by either party when the contract was made and was treated by both parties as an independent undertaking, and that defendant knew of this extra work while it was being done, and accepted the dam with full knowledge of all the facts and circumstances in which the extra work was performed

If one party to a contract knowingly leads the other, even by silence, to believe when he executes the agreement that a certain construction

will be put upon it, he is estopped thereby from gainsaying that construction to the prejudice of the other party.

A declaration in assumpsit by one who had built a dam for defendant under a written contract, declaring on an independent subsequent agreement for payment for extra work in filling a fissure in the bed of the stream, is not bad for failure to allege compliance with a provision of the written contract that disputes thereunder should be referred to defendant's engineer, whose decision should be final.

A provision in a construction contract that all disputes concerning work shall be submitted to the owner's engineer for final decision does not apply to a dispute that does not concern the work itself, but only whether the owner is bound to pay for the work after having received and accepted it, and thereby waived all objection thereto.

A count in assumpsit by persons who had built a dam for defendant under a written contract, declaring on an independent subsequent agreement for extra work on the dam in consideration of a reasonable price therefor to be paid plaintiffs by defendant, sufficiently alleges an express promise to pay; for the alleged agreement was that defendant should pay, and that amounts to a promise to pay.

A plea that professes to answer the whole of a count, but answers only a part of it, is bad on general demurrer; and though that objection was not taken at the hearing, it must be interposed by the court, for the rule is that when pleadings end in a demurrer, no fact can be treated as in the case that does not appear from the pleadings and is not admitted by the demurrer, though admitted at the hearing.

ASSUMPSIT in four counts. Heard at the June Term, 1910, Lamoille County, *Butler*, J., presiding, on the defendant's general demurrer to the first three counts in the declaration, and on the plaintiff's general demurrer to the defendant's plea to the fourth count. The demurrers to the first and third counts of the declaration sustained, and those counts adjudged insufficient; the demurrer to the second count overruled, and that count adjudged sufficient; the plaintiff's demurrer to defendant's plea sustained, and the plea adjudged insufficient. Both parties excepted. The opinion states the case.

*C. H. Darling, Roger W. Hulburd,* and *Hunton & Stickney* for the plaintiffs.

The first count, though inartificial, is good on general demurrer. Under our statute the common law rule that requires a count in assumpsit to aver an express promise is modified.

*Wheeling Mold & Foundry Co.* v. *Wheeling etc. Co.*, 62 W. Va. 288; *Cummings* v. *Synnott*, 120 Fed. 84; *Kingsley* v. *Bill*, 9 Mass. 198; *Starkey* v. *Cheeseman*, 1 Salk. 128; *Avery* v. *Inhabitants of Tyringham*, 3 Mass. 160.

"A stipulation that no action shall ever be brought upon a contract, or, what is equivalent, that all disputes under it shall be referred to arbitration, is a repugnancy, which, if carried out literally must render the contract itself, as a mode of legal redress, wholly idle. And it is only in this view that contracts are to be considered by the courts." 1 Redfield Rail. 6th Ed. 447. Procuring the engineer's estimate as a condition precedent is not equivalent to a stipulation that no action shall be brought, or that the case shall not come before the courts of law or equity, which has long since been determined to be repugnant and void. 1 Redf. Rail. 6th Ed. 446, citing *Thompson* v. *Charnock*, 8 T. R. 139; *Tattersall* v. *Groote*, 2 B. & P. 131; *Kistner* v. *Indianapolis etc. R. R. Co.*, 12 Am. & Eng. R. R. Cas. 314. "It is a familiar doctrine that a simple agreement inserted in a contract that the parties will refer any dispute arising thereunder to arbitration will not oust courts of law of their ordinary jurisdiction. Either party may sue the other upon the contract without having offered to arbitrate." *Perkins* v. *U. S. etc. Co.*, 16 Fed. 513; *Kinney* v. *Bates etc. Ass'n.*, 15 L. R. A. 142 and note; *Potomac Steam Boat Co.* v. *Baker Salvage Co.*, 123 U. S. 40, 31 L. Ed. 75.

*Frederick G. Fleetwood* for the defendant.

The first count is fatally defective for that no express promise is alleged. 1 Chitt. Pl. (14th Am. Ed.) 301 and note; Gould's Pl. 58; *Bill* v. *Woodbury*, 54 Vt. 251; 31 Cyc. 53. It is also defective in that the facts relied on to constitute the claimed waiver are not stated. It is not sufficient to allege that the contract was waived. *Sowles* v. *Reserve Fund Life Assn.*, 71 Vt. 466; *Brainard* v. *Dyke*, 71 Vt. 359.

Before suit brought the disputes referred to in the arbitration clause of the contract should have been referred as therein provided. That is a condition precedent to the right of action. Morse on Arbitration, 93; *Smith* v. *B. C. etc. R. R.*, 36 N. H.

458; *Adams* v. *Willoughby*, 9 Johns. 65; 4 Am. Digest, Century Ed. Tit. Arbitration and Award, par. 30 and 32, and cases there cited; *Holmes* v. *Richet*, 56 Cal. 307; *Smith* v. *Brady*, 17 N. Y. 173; *Vanderwerker et al.* v. *Vermont Central R. R. Co.*, 27 Vt. 130; *Herrick* v. *Vermont Central R. R. Co.*, 27 Vt. 673; *Thayer* v. *Vermont Central R. R. Co.*, 24 Vt. 440; *Faunce* v. *Burke and Gonder*, 16 Pa. 469. Said arbitration is not an independent agreement for arbitration but is an integral part of the contract and made a part thereof by the same agreement which created the liability and defines the rights of the parties. *National Contracting Co.* v. *Hudson River Water Power Co.*, 170 N. Y. 439; *Delaware and Hudson Canal Co.* v. *Pennsylvania Coal Co.*, 50 N. Y. 250.

ROWELL, C. J. The plaintiffs are contractors, and as such, on July 2, 1906, contracted with the defendant for the labor, materials, and construction of a concrete masonry dam and steel penstock for the improvement of the defendant's electric light and power plant, as per a written agreement of that date, signed by both parties, which, and the specifications thereto attached under which the work was to be undertaken and performed, with certain exceptions, are set out *in haec verba* in the declaration. The only exception important to be noticed here is the one providing that the work should be performed according to the plans and drawings of such an engineer, which plans and drawings are made a part of the contract.

The action is assumpsit to recover the balance due from the defendant for the performance of said contract, and for certain extra work and material required to excavate and fill a fissure in the bed of the river where the dam was to be built, discovered simultaneously by the parties after the contract was executed and the work begun.

The declaration contains four counts. The defendant demurred generally to the first, second, and third by enumeration, and pleaded to the fourth count. The demurrer was sustained as to the first and the third counts, and those counts adjudged insufficient; but was overruled as to the second count, and that count adjudged sufficient, and the defendant concedes that it is sufficient, whereupon the plaintiffs claim that the demurrer is too large, and ought

to be overruled altogether. But as it enumerates the counts it is equivalent to a separate demurrer to each count, and so is not too large. *Darling* v. *Clement*, 69 Vt. 292, 37 Atl. 779. The plea to the fourth count was adjudged insufficient on demurrer.

It is objected that the first count is bad because it contains no allegation of a promise by the defendant to pay for the work specified therein, and claimed that such a promise should have been expressly and positively alleged. And it is true that there is nothing in that count that amounts to an express promise by the defendant to pay, though there are allegations of abundant evidence of a *quasi* promise to pay. But that is not enough. There should have been an averment of *assumpsit super se* or its equivalent, for assumpsit, without assuming, is no assumpsit. Mr. Gould says that whenever the promise is implied, it is declared upon as an express promise, and that upon the face of the record it is always taken to be an express promise; that there is no such thing as an implied promise in pleading, or rather, that the fact of its being implied appears only in the evidence and never upon the record. Gould, Pl. chap. III, sec. 19. He says in a note to that section that it is held in declaring in assumpsit on a bill of exchange against the drawer or on a promissory note against the maker, that a statement of the facts that render the defendant liable to pay is sufficient without expressly alleging a promise on his part, the reason assigned being that the drawing of the bill or the making of the note is itself an actual promise, so that alleging the act of drawing or of making is virtually alleging a promise by the drawer or the maker, to pay. He says that whether this rule as far as it regards the declaration on a bill of exchange, (in which the drawer makes no express promise,) is agreeable to the analogies and principles of pleading, appears at least questionable, for in all other cases of *indebitatus* assumpsit the facts stated in the declaration as the ground of the defendant's liability are regarded upon the face of the record only as the consideration of the promise that it alleges and must allege. So Mr. Lawes says that if no express promise is alleged nor other equivalent words used, the declaration will be bad even after verdict, for where the plaintiff declared

that in consideration he *would* surrender a term the defendant would pay him so much, it was moved in arrest after verdict for the plaintiff on non assumpsit that there was no promise laid and therefore none to be tried, and the court being of that opinion, stayed the judgment.  Lawes, Pl. [*88], referring to *Buckler* v. *Angel,* 1 Lev. 164; s. c. 1 Sid. 246; s. c. 1 Keb. 878. *Candler* v. *Rossiter,* 10 Wend. 488, is a good illustration of this rule.  There the plaintiff declared in assumpsit for money paid, etc., omitting the ordinary *assumpsit super se,* but stating instead, the circumstances of his case, namely, that he bought a quantity of fish for the purpose of shipping it to a foreign port; that the defendant put on board the same vessel an equal quantity of fish for the purpose and with the intent of creating a joint adventure so that the parties should share in the profit and loss; and that the fish was so damaged at sea or elsewhere that after it arrived at the port of destination it was sold at a loss, the whole of which the plaintiff sustained and paid without having received any part thereof from the defendant, whereby the plaintiff had suffered damage to such an amount.  After verdict for the plaintiff on non  assumpsit, the defendant moved in arrest for that the declaration was bad in not laying a promise by the defendant.  Mr. Wendell for the plaintiff contended that though the declaration was informal it was good after verdict; that it was not a case of defective title, for the agreement was stated, the liability charged, and a promise need not be alleged, for it was enough that the evidence justified the jury in finding a promise.  But the court held  otherwise and arrested the judgment.  The plaintiffs make much the same argument here, and say that in respect of recovery for the extra work sued for, concerning which the promise is not express but implied by law, the test of the sufficiency of the allegations of fact in the count to show a promise by the defendant is, whether the plea of non assumpsit would put those allegations in issue, or, in other words, whether proof of the facts alleged would establish such promise.  But that is no test, as shown by the case just cited, for if it would establish such promise, the necessity of a promise in the declaration would not be  thereby obviated, for recovery must be had, if at all, according to  the allegations as well as according to the proof.

The count is double, as it declares upon two different causes of action though of the same nature, namely, one growing out of the written contract, and the other, out of the extra work. In respect of both of these the plaintiffs claim that the final estimate article of the specifications contains a promise by the defendant to pay therefor. That article provides that upon the completion of the work to the satisfaction and acceptance of the defendant, a final estimate of the total amount of contract and extra work performed by the plaintiffs by order of the defendant shall be made, and that this total sum, less all previous payments, shall be paid to the plaintiffs within thirty days of the date of said final estimate.

It is enough to say of this claim that there is no allegation in the count of any estimate of work under the written contract, and none of any such estimate of extra work sufficient to bring the case in that respect within said article. The allegation in respect of extra work is, that the amount and character of material used and labor performed for the excavation and filling of said fissure by the plaintiffs were, on the day next before their demand of payment thereinafter alleged, duly estimated by the defendant's engineer. But that allegation goes only to the amount and character of the material used and the labor performed, and not at all to the sum to be paid therefor, which said article mainfestly called for, as the "total sum", less all previous payments, was what the defendant promised to pay, if indeed a promise sufficient to support the count can be deduced therefrom in any circumstances. It follows, therefore, no promise being alleged in either cause of action, that the count is wholly bad for that reason.

It is further objected that the count is bad for not stating the facts relied upon to constitute the alleged waiver of the contract by the defendant in respect of the extra work and material required to fill the fissure in the bed of the river.

The contract provides, as we have seen, that the work should be performed thereunder according to the plans and drawings of such an engineer, which plans and drawings are made a part of the contract. The contract also provides that any work found necessary to be performed and not covered by the specifications and the contract, must be covered by an

order in writing by the defendant, and that no allowance nor payment would be made for any work performed nor material furnished, not covered by the   contract or such order.

The count avers that it was impossible to construct the dam as contemplated by the contract in accordance with said plans and drawings, because they represented the bed of the river at that place as substantially an even surface of rock  or hardpan, whereas there was near the bank of the river a very deep fissure full of a substance unsuitable for the foundation of a dam, which required excavating and filling with concrete masonry in order to construct a dam suitable for the defendant's purpose, which said condition could not have been discovered beforehand without experimenting at a great. and disproportionate expense, and was not discovered by the plaintiffs until after they had executed the contract and begun work on the dam, in the progress of which they discovered the condition stated,  which condition the defendant discovered at the same time, and thereupon waived the provisions of the contract as far as they related to the work required to be done by the plaintiffs and the material necessary to be furnished in order to fill the fissure and make the bed of the river at that point correspond with what was represented as its conformation in the plan of the engineer.

The defendant stops here when it says that the count is bad for not stating the facts relied upon to constitute the alleged waiver.   But this is not warrantable, for the count goes on to allege the facts relied upon in this behalf, and avers that neither party had taken into account the possibility of any such work and material being required as were afterwards found necessary by reason of said fissure, and that neither could determine nor form  any estimate as to how much labor and material would be necessary to fill the fissure, and that therefore no change was made in the plans and specifications, but that it was  treated and considered by both parties that the work required for the perfection of the bed of the river was an  independent undertaking in  addition to, and  entirely outside of, said written contract, and not covered by the provisions thereof requiring that any work found necessary to be performed and not covered by the specifications and the contract must be covered by an

order in writing by the defendant, and paid for at actual cost plus ten per cent.

The count further avers that the plaintiffs compared the plans and specifications with the site of the dam before submitting their bid, and made every reasonable inspection requisite to submit a bid for a lump sum to cover the total expense of securing a proper foundation and building the work specified to the lines and levels and in the manner called for by the plans and specifications, and according to the plans and drawings of the engineer, and that, relying upon the contract and said plans and specifications, they undertook and agreed to furnish all labor and material and perform all work called for thereby at and for the price of $50,727.80, as the defendant then and there well knew; that they performed accordingly, and in addition thereto, filled up said fissure with concrete masonry at a further and reasonable expense of $18,000, and thereafter, on such a day, delivered said construction and said additional masonry to the defendant, which, with full knowledge of all and singular the facts aforesaid, it then and there received and accepted; that in the execution of said contract and in fixing the price for doing the work called for thereby, neither party anticipated nor took into consideration the possibility of any such work and material being required as was thereafter found to be required by reason of said fissure; that because it could not be known until said work was done how expensive it would be, the cost thereof could not be estimated in advance within reasonable limits, all which the defendant well knew when it received and accepted the construction as aforesaid; that the amount and character of the material used and the work performed by the plaintiffs in and about excavating and filling said fissure were duly estimated by the defendant's engineer; that when the plaintiffs discovered said difficulties of securing a suitable foundation for the dam, the defendant was present by its inspector, and witnessed the daily progress of the plaintiffs' work, and knew and realized what the plaintiffs were doing, and that in the performance of said work they were not following, nor working in accordance with, the plans and drawings of the engineer, and that if they followed them, the dam would be insufficient and would not hold water, and that

by reason of said fissure no sufficient dam could be constructed without excavating the fissure to bed rock or hardpan and filling with masonry; that with said knowledge, the defendant, desiring a satisfactory construction under said contract, and considering the conditions discovered as aforesaid as not covered by the specifications and the contract, but unforeseen when the contract was executed, permitted the plaintiffs to continue said work, well knowing that the contract provided that any work found necessary to be performed, not covered by the specifications and the contract, must be covered by its order in writing, and that no such order had been given, and the plaintiffs continued said work, and excavated and filled said fissure without such order, both parties treating the matter while such work was in progress and until after the delivery and acceptance of the completed structure, as entirely outside of any of the stipulations of said contract, unforseen, and in no wise provided for therein; and that the defendant by its conduct aforesaid, then and there, as far as the provisions of the contract applied to said excavation and filling, waived the same, by reason of all which and of law, the defendant became and is liable to pay the plaintiffs the unpaid balance of the price named in said contract and said additional sum for extra work, whereof the plaintiffs, at such a time and place, notified the defendant and requested payment, which it neglects and refuses to make.

Thus do the facts appear upon which the plaintiffs rely to constitute a waiver. It is to be noticed that the count alleges that it was treated and considered by both parties that the work required for perfecting the bed of the river was an independent undertaking in addition to, and entirely outside of, said written contract, and not covered by the provisions thereof requiring that any work found necessary to be performed and not covered by the specifications and the contract must be covered by an order in writing by the defendant, and be paid for at the actual cost plus ten per cent.

This allegation, being admitted by the demurrer, is more than a waiver. It is a construction of the contract by the parties, which, having been acted upon by the plaintiffs as it was, precludes the defendant from repudiating it now, after

it has received and accepted the completed structure, and is enjoying the use and benefit of the plaintiff's outlay in respect of it. Thus, if one party to a contract knowingly leads the other party, even by silence, to believe when he executes it that a certain construction will be put upon it, he is thereby estopped from gainsaying that construction to the prejudice of the other party. *Flint* v. *Babbitt*, 59 Vt. 190, 9 Atl. 364.

But if it were otherwise, and the work necessary to perfect the bed of the river required an order in writing by the defendant, yet the allegations of the count are sufficient to show a waiver of that requirement; and it is not claimed otherwise, and can not well be, for the defendant could waive that requirement, as it was made for its benefit, and when, by its inspector, it stood by day after day and saw the work go on without objection, and was content to let it continue until finally completed, knowing that no such order had been given, and also knowing, as it must have known, that the plaintiffs were expecting extra compensation therefor, and then receiving and accepting the completed structure  without objection, and ever since using the same as its own, it must be taken to have waived its right in respect of such an order.  Thus, where one holding a mortgage as collateral security, agreed to accept policies of insurance on a mill, if built of such and such dimensions, and discharge the mortgage, saw the mill being built of different dimensions without objection, and when completed, accepted policies upon it, but refused to discharge his mortgage because the dimensions of the mill were varied,—it was held that he could not be heard to complain of that, as he had acquiesced in it, and therefore must discharge his mortgage. *Swain* v. *Seamens*, 9 Wall. 254, 19 L. ed. 554.

*Smith* v. *Alker*, 102 N. Y. 87, 5 N. E. 791, was an action on a building contract for the balance due and for extra work.  It was held that the owner could waive a stipulation in the contract that the final payment to be made by him should not be required unless the architect certified that the contract had been fully performed to his satisfaction, and that an acceptance of the building as under a completed contract was such a waiver, and entitled the contractor to recover the sum due although no certificate had been given, and although the architect was not satisfied.

In *Hill* v. *South Staffordshire Railway Co.*, 11 Jurist, Pt. 1 N. S. 192, the plaintiff contracted with the defendant to build a section of its road. The contract contained provisions for the execution by the plaintiff of extra, additional, and altered works, and for monthly payments by the defendant to the plaintiff during the progress of the work, of sums to be certified by the defendant's engineers. Such certified sums were paid for a while, and until the engineers refused to certify more because they said the plaintiff had already been overpaid. The suit was to recover the balance claimed to be due. The defendant objected, among other things, that a certificate of the engineers was necessary to a recovery of any balance. But the court said it would be a fraud on the part of the defendant to have desired, by its engineers, the alterations, additions, and omissions to be made; to have stood by and seen the expenditures going on upon them; to have taken the benefit of that expenditure; and then to refuse payment on the ground that the expenditure was incurred without proper orders having been given for the purpose.

In the specifications attached to the written contract for building the dam, is an article for referring all matters of dispute concerning the work, etc., to the defendant's engineer, whose decision was made final. It is objected that the count is bad for not showing compliance with that article by the plaintiffs, for that such compliance is a condition precedent to their right to maintain the action. But that article applies only to disputes arising under the written contract, and not to disputes arising under the subsequent independent verbal agreement alleged in the count concerning the extra work. But treating it as applying to disputes arising under both contracts, it cannot be construed as embracing the dispute here involved, which goes to nothing concerning the work itself, but only to the question whether the defendant shall pay after having received and accepted it, and thereby waived all objection thereto, and made itself liable to pay therefor.

This objection is no more applicable to the third count than to the first count. But it is objected that the third count is bad for want of a promise by the defendant to pay. That count declares upon a new and an independent subsequent

agreement between the parties for doing the extra work mentioned in the first count, in consideration of a reasonable price therefor "to be paid said plaintiffs by said defendant". This, the plaintiffs say, is equivalent to an express promise to pay, and we think it is, for the agreement was that the defendant should pay, and that amounts to a promise to pay. 1 Chit. Pl., 13 Am. ed. [*302]; *Powers* v. *N. E. Fire Ins. Co.,* 69 Vt. 494, 38 Atl. 148.

The defendant pleads the arbitration article and noncompliance therewith by the plaintiffs in bar of the fourth count, which is the ordinary common count in assumpsit. The plea professes to answer the whole count, but answers, at most, only a part of it, for although the count declares generally for work and labor, materials furnished, and money laid out and expended; yet it also declares for goods sold and delivered, money lent, money had and received, and money due on an account stated, to none of which does the plea conform nor constitute an answer, for there is nothing on the face of either pleading to indicate that they relate to anything here involved; and though this objection was not taken at the hearing, it must be taken here, for the rule is that when pleadings end in a demurrer, no fact can be treated as in the case that does not appear from the pleadings and is not admitted by the demurrer though admitted at the hearing. *Columbian Granite Co.* v. *Townshend Co.,* 74 Vt. 183, 52 Atl. 432.

*Judgment affirmed as to the insufficiency of the first count, the sufficiency of the second count, and the insufficiency of the plea to the fourth count; but reversed as to the insufficiency of the third count, and that count adjudged sufficient. Both parties having excepted, and neither having fully prevailed thereon, neither are allowed costs in this Court.*