19720. FULLER *v.* FULLER.

DECIDED JANUARY 23, 1930. ADHERED TO ON REHEARING, FEBRUARY 27, 1930.

*Henson & Barnett, M. B. Eubanks,* for plaintiff in error.

*Joseph M. Lang,* contra.

JENKINS, P. J. This was a suit by a father against his son, on a promissory note payable in a stated sum of money, to wit, $600. The defendant filed a plea setting forth that it was agreed at the time the note was executed that it was not to be paid in money, but by the father's boarding it out. The plea set forth that the note had been paid according to such understanding and agreement by three-years board furnished by the son to the father. In response to a demurrer, the defendant amended his plea by setting up that at the end of each month during the period in which board was furnished, the plaintiff ratified the original oral agreement to the effect that $16.67 per month should be applied on the note. It was further set forth by the amendment that at the expiration of the three-year period the plaintiff and the defendant entered into a contract with reference to the satisfaction of the note, by which it was agreed that the note had been paid in full except the last year's interest, which was then unpaid, and which, it was alleged, was subsequently paid by the furnishing of additional board. The first amendment was not sustained by any sort of testimony. The evidence with reference to the last-mentioned amendment, while in dispute, authorized a finding for the defendant, who testified as follows: "At the end of the three years my father said that I had taken care of him for three years and the note was paid. As to what was said about the thirty dollars due as interest, we agreed that he could stay on as long as he wanted to, and the thirty dollars was to be paid in that way. My father stayed there about eight months after that last agreement. The eight months that he stayed there was worth the interest that was due." The jury found in favor of the defendant, and the plaintiff excepts to the order overruling his motion for a new trial.

1. The rule is well settled that where a question as to the sufficiency of the pleadings has been raised by demurrer, and the pleader seeks to conform to an adverse ruling by amending them so as to meet the objection and prevent a dismissal, he will not thereafter be heard to complain that the antecedent ruling to which he has thus submitted was erroneous, or that the amendment was unnecessary. *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617). Moreover, it is the law that, while as between the original parties the consideration of a note is ordinarily open to inquiry, the rule which prevents the alteration of a written agreement by proof of a prior or contemporaneous agreement in parol does not permit, under the guise of inquiring into the consideration, a change of the terms of a written instrument as actually expressed, such as that the sum agreed to be paid in money was not in fact to be thus paid. *Boynton* v. *Twitty,* 53 *Ga.* 215; *Byrd* v. *Marietta Fertilizer Co.,* 127 *Ga.* 30 (56 S. E. 86); *Hirsch* v. *Oliver,* 91 *Ga.* 554 (18 S. E. 354); *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 418 (96 S. E. 217). Accordingly, the defendant was not only bound by submitting to the ruling which sustained the demurrer and amending his cross-action in accordance therewith, but the ruling was in accordance with law.

2. There is another principle of law, invoked by the plaintiff, to the effect that a plaintiff must recover upon the cause of action as laid. This rule would apply to a defendant who seeks to recover by way of set-off or counterclaim, and would prevent him from sustaining a claim based by the pleadings upon an expressed contract by evidence setting up an implied obligation by way of quantum meruit. *Shropshire* v. *Heard,* 27 *Ga. App.* 256 (107 S. E. 892); *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.,* 28 *Ga. App.* 391 (111 S. E. 220). This principle, however, does not apply in the plaintiff's favor in the instant case, since the amendment setting up the plea of complete satisfaction of the note by virtue of the contract and agreement made subsequent to its execution, although styled by the defendant as a plea of set-off, is in fact by its terms a plea of satisfaction and extinguishment of the debt; and even if it could be treated as a plea of set-off, according to its own nomenclature, it was not based upon an implied obligation, but set forth an expressed agreement and understanding with reference to the satisfaction of the written obligation. If the father and son entered

into the agreement set forth by the amendment, it must be enforced, irrespective of the actual merits of the son's claim which afforded the basis of such an agreement. *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346). Accordingly, the sole question in the instant case was whether or not the son, under the testimony, had established to the satisfaction of the jury the making of the agreement in satisfaction of the note, as set forth by the amendment.

3. The sole issue between the parties, as to whether the agreement set forth by the amendment had been entered into, being in sharp dispute under the evidence, it might have been misleading to the jury and harmful to the plaintiff for the court to instruct them in effect that while ordinarily there would be no implied obligation on the part of the father to pay for the services rendered by the son, "there may be cases where the law will imply a contract where the parent is to pay the child for the services rendered by the child to the parent." In other words, the jury might, under this instruction, have believed the testimony of the father denying the agreement set up by the amendment, but might nevertheless have felt that in view of all the testimony and the evidence as to surrounding facts and circumstances, there was an implied obligation of the father to pay for the services rendered, irrespective of any expressed understanding as set forth by the amendment, and upon which the defendant's right to prevail was solely dependent. Accordingly, the court erred in overruling the motion for a new trial.

*Judgment reversed. Stephens and Bell, JJ., concur.*

### ON REHEARING.

The defendant in the court below, who was seeking to defeat the father's action on a note by setting up payment by way of board furnished to the father, filed a motion for rehearing, which has been granted, in which motion it is set forth that "there is and was no demurrer urged to the original answer," and that, consequently, the court in the original decision was inaccurate in stating that the amendment was made in response to a demurrer. It will be recalled that the original plea by the son alleged that it was agreed at the time the note was executed that it was not to be paid in money, but by the father's boarding it out. By one paragraph of the amendment it was alleged that at the end of each month, during the period in which board was furnished, the father ratified

the original oral agreement to the effect that $16.67 per month should apply on the note. In another paragraph of the amendment it was stated that at the expiration of the three-year period the plaintiff and the defendant entered into a contract with reference to the satisfaction of the note, by which it was agreed that the note had been paid in full, in consideration of the board furnished, except the last year's interest, which it was alleged was subsequently paid by the furnishing of additional board. The trial court, in response to such proffered amendment, passed the following order: "The above and foregoing amendment allowed only in so far as it pleads payment by way of set-off." The statement by this court with reference to the allowance of the amendment in response to a demurrer is not substantiated by anything in the record, and the impression must have been received from the nature of the amendment, the order passed by the trial judge, the fact that no effort was made to prove the original plea, as well as statements contained in the brief of counsel for plaintiff in error. This statement, with reference to an oral motion to strike in the nature of a demurrer, he reiterates in his brief on the rehearing. This court, however, must, of course, be governed by the record, and can not pass upon controversies between counsel as to their recollection concerning what did or did not occur on the trial. Accordingly, the case must be determined without reference to any demurrer having been interposed to the original plea and answer of the defendant.

On the rehearing counsel for the defendant takes the position that a verdict in behalf of the defendant was authorized under the evidence by reason of testimony having been admitted without objection, setting up an implied obligation of the father to pay for the services rendered by the son, and that since the pleadings as amended could have been further amended to conform to such evidence thus admitted without objection, it was not error for the court to charge upon the right of the defendant to recover on an implied contract. This position is strongly urged by counsel for the defendant, and presents a question of some difficulty in the minds of the court. See *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579). In his ingenious brief on the rehearing, counsel for the defendant insists that the evidence did in fact authorize a finding in favor of the son upon an implied obligation on the part

of the father to pay for the services, and it is pointed out that this court itself indicated as much in its original opinion, wherein it was held that "it might have been misleading to the jury and harmful to the plaintiff for the court to instruct them in effect that while ordinarily there would be no implied obligation on the part of the father to pay for the services rendered by the son, 'there may be cases where the law will imply a contract where the parent is to pay the child for the services rendered by the child to the parent.' In other words, the jury might, under this instruction, have believed the testimony of the father denying the agreement set up by the amendment, but might nevertheless have felt that in view of all the testimony and the evidence of surrounding facts and circumstances, there was an implied obligation of the father to pay for the services rendered, irrespective of any expressed understanding as set forth by the amendment, and upon which the defendant's right to prevail was solely dependent."

We have quoted this language from the original opinion as referred to by the defendant on rehearing, although we do not think that the language of the opinion, when properly construed, actually means that there was any real evidence setting up an implied agreement to pay on the part of the father, the only evidence being that the services rendered were worth the amount of the note, and that, after the board had been furnished, the father, in terms and by an express agreement, cancelled the note in consideration of what the son had thus done for him. The purpose of the court in the statement made was to say that the charge "might have been misleading to the jury," and that, irrespective of any lack of real testimony sustaining such an implied obligation, such an instruction from the court might have been confusing and misleading to the jury, under all the facts and circumstances of the case. Under the law as charged by the court, the usual and ordinary implied obligation would not arise on the part of a father to pay the value of services rendered by a son. The mere fact that the services might have been worth the sum testified to would not afford any proof such as might operate to change the rule, although, as stated in the original opinion, such an irrelevant charge might very well indeed have been misleading and confusing to the jury. Thus, even were it to be assumed, but without so deciding, that under the principle of law now invoked by the defendant, where there is evidence, admitted

without objection, setting up and establishing an affirmative counter-claim, a charge of the court relative thereto would be justified under a defensive plea merely setting up payment, on the theory that such plea might have been amended so as to make relevant the evidence establishing such an affirmative counterclaim, in the instant case there being not only an absence of any pleading setting up such an affirmative counterclaim arising out of an implied promise to pay, but there being no evidence such as would legally establish the validity of such a claim, the charge of the court with reference thereto must be taken to have been susceptible of having the effect of misleading the jury. *Judgment adhered to.*