## 28880. BLACKSTON v. DURANT.

DECIDED JUNE 5, 1941.

*Mildred L. Kingloff,* for plaintiff in error.

*J. B. Wood, W. George Thomas,* contra.

FELTON, J. This was a suit by Willie Durant against Walter Blackston in which the plaintiff alleged that the defendant was

indebted to her in a named sum, which indebtedness "arose because plaintiff, at the request of the defendant with promise to pay the same on demand, paid ten notes totalling $326.90 which defendant owed to C. I. T. Corporation," etc. The plaintiff testified that she was the stepdaughter of the defendant, and at his oral request had paid the notes the defendant owed C. I. T. Corporation with her own funds. There was no evidence of an express promise to repay the money on demand. The defendant contended that the plaintiff paid the money out of his funds, and that he had not requested her to pay the obligations for him. The judge of the civil court of Fulton County rendered a judgment for the plaintiff, and the defendant excepted to the order overruling his motion for new trial.

The allegations of the petition must be construed to set forth an action on an express contract. They show that the request to pay the funds and the promise that they would be repaid on demand were made before the payments were made by her. This being true the allegations could not be construed to set forth an obligation based on an implied promise to pay, since an implied promise would arise after the payment of the funds by her and not before. See *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.*, 28 *Ga. App.* 391 (111 S. E. 220). The petition is not ambiguous and there is no occasion for the invocation of the rule requiring that in the absence of demurrer it shall be construed to subserve the interests of the plaintiff.

Where an action is on an express contract no recovery may be had on a quantum meruit. *Seaboard Air-Line Ry. Co.* v. *Henderson Lumber Co.*, supra; *Graham* v. *Jones*, 39 *Ga. App.* 610 (147 S. E. 902) ; *Shropshire* v. *Heard*, 27 *Ga. App.* 256 (107 S. E. 892) ; *Fuller* v. *Fuller*, 41 *Ga. App.* 24 (2) (152 S. E. 122) ; *Terrell* v. *Harris*, 42 *Ga. App.* 760 (157 S. E. 387) ; *Walker* v. *O'Neal*, 21 *Ga. App.* 563 (94 S. E. 835) ; *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (48 S. E. 318). The evidence did not authorize the finding of the court. The judgment can not be sustained on the theory that evidence was introduced on the question of an implied obligation without objection, for the reason that the evidence introduced was admissible on the question of whether there was an express obligation, and the amount thereof, and the defendant could not have objected to the evidence so as to require an amendment to declare on quantum meruit.

The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*

STEPHENS, P. J., dissenting. Willie Durant alleged in the petition that she, at the request of the defendant, paid for him, to the seller of an automobile which the defendant had purchased, designated unpaid instalments which were due by the defendant on the purchase-price of the automobile, and that the defendant promised to repay the plaintiff, on demand, the money which she had paid in his behalf, and that the defendant, after demand had been made on him for payment, had refused to pay the plaintiff. The specific allegation in the petition as respects an alleged promise by the defendant was as follows: "that said indebtedness arose because plaintiff, at the request of defendant with promise to repay same on demand, paid" an alleged amount which it is alleged the defendant owed to the seller as the balance on the purchase-price of the automobile. The evidence supported the allegations of the petition that the plaintiff, at the defendant's request, paid out of her own funds a certain sum of money to the seller, on the purchase-price of the automobile which the defendant had purchased from the seller, and that the defendant had never paid her for the money thus advanced. There was no evidence that the defendant had ever made any *specific or express promise* to the plaintiff to reimburse her for any money which she paid to the seller, and there was no evidence that any demand had been made by the plaintiff on the defendant for payment.

It is not essential to the establishment of a liability for payment of the money advanced by the plaintiff in the defendant's behalf at his request that it appear that he made any *specific or express promise* to reimburse her or that a demand on the defendant for payment had been made. "Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof; but this presumption does not usually arise in cases between very near relatives." Code, § 3-107. The defendant's liability is not dependent on a demand for payment having been made on him. *Clarke* v. *Upchurch,* 31 *Ga. App.* 601 (121 S. E. 525). If the plaintiff made payment out of her own funds for the defendant's benefit, at his request, although he may not have specifically or expressly

promised to reimburse her, he is, as a matter of law, under an implied promise or obligation to pay her the amount which she actually expended in his behalf. The evidence was sufficient to authorize a finding that the defendant was liable to the plaintiff on an implied promise to pay her the moneys which she, at his request, had expended in his behalf and for his benefit. This is true notwithstanding the plaintiff and the defendant were near relatives, she being his stepdaughter.

However, it is insisted that, notwithstanding the evidence may have been sufficient to authorize a finding that the defendant was liable to the plaintiff in the amount stated in the judgment, on an implied promise to reimburse the plaintiff for the funds expended for the defendant's benefit, the cause of action sued on was not established, and the judgment for the plaintiff can not be sustained because the plaintiff in the petition sought to recover on an express contract containing an express promise to pay, and that the evidence failed to show any such express contract or promise. The petition alleged "that said indebtedness arose because plaintiff, at the request of defendant with promise to repay same on demand, paid" certain alleged sums of money which the defendant owed the seller as the balance on the purchase-price of an automobile. While it is alleged that there was a promise by the defendant to repay to the plaintiff the money which she, at his request, paid to his creditor, it was not alleged whether this promise was express or implied. It is contended that under the allegations of the petition the alleged promise of the defendant to pay the plaintiff for the money advanced by her for his benefit arose, not when she paid the money for his benefit at his request, but when he requested her to pay the money which he owed his creditor. If a promise by the defendant to pay the plaintiff whatever money she might expend in his behalf by paying his indebtedness arose when he requested her to make such payment, such promise need not have been an express promise to be the basis of a liability by him to reimburse her. There would inhere in the defendant's request of the plaintiff to expend money in his behalf by paying his debt to another an implied promise to reimburse her for the money which she should so expend.

When one renders valuable services to another, which the latter accepts, a promise by the latter to pay the person so furnishing the

services the reasonable value thereof is implied. Code, § 3-107. It necessarily follows as a corollary from this provision of the Code that where a person requests another to perform valuable services for his benefit there is, in the absence of an express promise, necessarily implied a promise by the person making the request to pay the other for the services rendered. While the mere making of a request by the defendant of the plaintiff to pay his debt, with an accompanying promise, whether express or implied, to repay her any money so expended at his request for his benefit, created no contractual obligation by which he became bound to pay her, such request, with the accompanying promise, constituted an offer by him to pay her, which, upon her acceptance by paying for his benefit the money requested, amounted to a promise constituting a contractual obligation binding on him. Therefore, since a mere request by the defendant of the plaintiff to pay his debt to another, in the absence of any express promise by him, necessarily carried with it an implied promise to reimburse her for the money she expended in payment of such indebtedness, an allegation in the petition that the defendant, when requesting the plaintiff to pay his indebtedness, promised to reimburse her for the money so expended at his request for his benefit is not necessarily an allegation that this promise was an express promise. Such allegation is equally susceptible of the construction that the promise alleged was a promise that would arise by implication on the request of the defendant to the plaintiff to pay his debt. It therefore does not follow that the plaintiff's suit is on an express promise by the defendant to reimburse her for whatever she should pay on his debt. .

While no contractual liability attached against the defendant on any implied promise which the defendant may have made when he requested the plaintiff to pay his debt, there necessarily arose a contractual obligation consisting of an implied promise by the defendant, in the absence of an express promise, upon the payment by the plaintiff of the defendant's debt, to repay her for the money so expended in his behalf. While the petition contained no express allegation that, after the plaintiff had paid the indebtedness of the defendant which he had requested her to pay, he had promised to repay her the money so expended in his behalf, the petition, in alleging that the plaintiff paid the defendant's debt at his request, alleged facts showing as a matter of law an implied obligation to

repay the plaintiff for the money so expended. The petition therefore alleged sufficient facts to show a cause of action against the defendant arising on his implied obligation to pay to her the money which it is alleged she paid at his request for his benefit.

Whatever may have been the rule at common law as to the requirement of an express allegation of a promise by the defendant, in a declaration in assumpsit in which the plaintiff seeks to recover for services rendered for the defendant's benefit, it has been held in jurisdictions which have abolished the technical rules of common-law pleading that where the facts alleged in the petition show as a matter of law an implied obligation on the defendant to pay the plaintiff, it is not essential to the sufficiency of the petition that it contain an allegation of a promise to pay. 4 Cyc. 340; 5 C. J. 1393, 1394, 1395; 7 C. J. S. 121, § 22. It has been expressly held in this State by the superior court, before the establishment of the Supreme Court, in *Bell* v. *Hobbs,* 2 *Ga. Dec.* 144, that "A formal statement of a promise is not necessary in an action of assumpsit, where all the facts are set forth, from which the law implies a promise." In *Bond* v. *Central Bank,* 2 *Ga.* 92 (3), it was held: "No promise need be alleged in a declaration when the facts set forth show a legal liability without it." Also, in *Smith* v. *Sims, 9 Ga.* 418 (2), it was held: "In declaring on a promise it need not be set out in hæc verba; it will be sufficient to state it according to its legal tenor and effect."

Since there was no demurrer, after a judgment for the plaintiff the petition must be construed most favorably to the plaintiff, and, where possible, it should be given a construction that will sustain the plaintiff's case as made out under the evidence. *Bridges* v. *Ramsey Sign Service Co., 50 Ga. App.* 583 (179 S. E. 404); *New Zealand Fire Insurance Co.* v. *Brewer, 29 Ga. App.* 773 (116 S. E. 922); *Zittrouer* v. *Zittrouer, 43 Ga. App.* 262 (158 S. E. 437). Since the evidence supported a judgment for the plaintiff on an implied promise by the defendant to pay, the petition should, if possible, be given that construction which will sustain the judgment on the ground that the evidence supported the allegations of the petition. In other words, the petition should be construed as one alleging a right to recover on the defendant's implied obligation and promise to pay the plaintiff for the money which she, at his request, paid for his benefit.

Whether a suit is one in special assumpsit on an express contract containing an express promise to pay, or is one in general assumpsit on quantum meruit or quantum valebant on an implied promise to pay, it is in either case proper, at common law, to allege in the declaration a mere promise to pay, without indicating whether the promise is express or implied. In 1 Chitty on Pleading, 308, it is stated as follows: "A declaration in assumpsit should in all cases show that a promise has been made, either by expressly averring that the defendant 'promised,' or by other equivalent words. . . The declaration contained averments which were fully tantamount to the allegation of an express promise, a circumstance which is absolutely necessary in a declaration in assumpsit. No distinction exists in pleading between an implied promise and an express one; it is true that in evidence the law in many cases implies from certain facts that a promise has been made; but in pleading, the supposed promise itself should be alleged, and it is at least untechnical merely to state that which is only evidence of a promise." In the common counts of quantum meruit and quantum valebant, in a declaration in a suit in general assumpsit, it was customary in the English practice to expressly allege that the defendant "promised" to pay the plaintiff what he "reasonably deserved to have," or "so much as the goods were reasonably worth." See forms quoted as above in 1 Chitty on Pleading, 351.

In 1 Chitty on Pleading, 351, 352, it is stated: "Although Sir William Blackstone mentions the quantum meruit and valebant as useful, and as then to have been supposed necessary variations to avoid the risk of the plaintiff's not being able to prove an agreement to pay a fixed price; the opinion of the profession has long been that such quantum meruit and quantum valebant counts are wholly unnecessary, and that under an indebitatus count in assumpsit or debt the plaintiff may recover, although there be no evidence of a fixed price, and Reg. Gen. Trin. T. 1 W. 4, prescribing forms of indebitatus counts may be considered as virtually abolishing the quantum meruit and valebant counts." In the indebitatus count, which was another one of the common counts in general assumpsit, the form prescribed for the declaration, since 4 W. 4, as it appears in 1 Chitty on Pleading, 351, is that the defendant "was indebted to the plaintiff in a named sum of money, for, etc. (as for use and occupation or for real property sold, or goods sold,

or for personal services, or for money lent, paid or had and received, or for interest, or for some other pre-existing debt on simple contract, incurred at the defendant's request) ; and that being so indebted, the defendant, in consideration thereof, then *promised* the plaintiff to pay him the said sum of money on request." As further stated on page 353, "Under an indebitatus count the plaintiff may recover what may be due to him, although no specific price or sum was agreed upon, and therefore it has been observed that the quantum meruit and quantum valebant counts are in no case necessary, and should in many cases be omitted, to prevent unnecessary prolixity and expense."

The petition in the case here resembles the indebitatus count in general assumpsit under which there can be a recovery on the implied promise by the defendant to pay the sum alleged. The plaintiff alleged that the defendant was indebted to her in a named sum of money which was paid by her at his request, and that he promised to pay her the said sum of money on demand. The petition failed to allege specifically that when, as required in an indebitatus assumpsit count, "being so indebted, the defendant, in consideration thereof, then promised the plaintiff to pay her the said money on request." The petition alleged that "said indebtedness arose because plaintiff, at the request of defendant with promise to repay same on demand, paid" the sum alleged. Under the facts as alleged in the petition it appears that the indebtedness arose because of money paid by the plaintiff at the defendant's request, and that he promised to pay her the said sum on demand. The petition failed to specifically allege that this promise was made after the defendant had become indebted to the plaintiff. The petition did not allege when the alleged promise was made. Irrespective of this discrepancy in the allegations in the common-law indebitatus count and in the allegation in the present petition as respects when the alleged promise arose, the petition alleged an indebtedness to the plaintiff for money paid for the defendant at his request, and that he promised to repay the money on demand. Notwithstanding the petition may contain an allegation that there was a promise to repay made by the defendant before the services were rendered, it also contains allegations of fact which show an implied promise to repay arising when the plaintiff actually made the alleged payments for the defendant's benefit. To all intents and purposes the alle-

gations are substantially the allegations of the indebitatus count under which the plaintiff, where there is an allegation of a promise to pay, can recover upon evidence establishing only an implied promise to pay on demand the sum alleged which the plaintiff had paid for the defendant at his request.

While the rules of common-law pleading may not, as such, have been adopted in this State by our statute adopting the common law, and are in effect rejected by our practice acts, which require only that the plaintiff shall fully and distinctly set forth a cause of action relied on, or, as has been stated, shall merely "write a letter to the judge," it would seem that the rules of common-law pleading which are liberal and conducive to the trial of a case on its substantial merits can be looked to with profit in construing the pleadings in a case pending in the courts of this State. The courts of this State certainly will not hold a plaintiff to an illiberal construction of the petition and thereby defeat a recovery on the merits where the petition, were it a declaration at common law, would not be so construed. The petition in this case, under the rules of pleading referred to by Chitty, supra, in so far as it alleged a promise by the defendant to pay the plaintiff the sum of money alleged, was supported by the evidence which established only an implied promise by the defendant to pay the plaintiff the sum alleged.

In Morgantown Bank v. Foster, 35 W. Va. 357 (13 S. E. 996), it is stated: "An action of assumpsit lies upon a promise expressly made or upon a promise implied by law as a legal inference from a given state of facts. But there is no such thing as an implied promise in pleading. That fact comes out only in the evidence, so that the promise, whether express or implied as a matter of law, must, as a matter of pleading, be alleged as an express promise." In Douglass v. Morrisville, 84 Vt. 302 (79 Atl. 391), in holding the petition insufficient in failing to allege a promise the court stated: "There should have been an averment of *assumpsit super se* or its equivalent, for assumpsit, without assuming, is no assumpsit. Mr. Gould says that whenever the promise is implied, it is declared upon as an express promise, and that upon the face of the record it is always taken to be an express promise; that there is no such thing as an implied promise in pleading, or rather, that the fact of its being implied appears only in the evidence and never upon the record." See 7 C. J. S. 123.

Where the facts alleged in the petition show an obligation on the defendant implied either in law or in fact to pay the plaintiff the sum alleged, and it is alleged that the defendant "promised" to pay the plaintiff that sum, the petition is one in a suit in general assumpsit under which a recovery may be had on an implied promise made by the defendant, either in fact or in law, to pay the plaintiff the amount alleged. In the petition in the case now before this court, under the facts alleged in it, the plaintiff paid an alleged sum of money for the defendant's benefit at his request, and he was under an implied obligation or promise to pay the plaintiff the amount so advanced. In alleging that the defendant "promised" to pay the plaintiff this sum the petition does not thereby necessarily allege that the contract sued on contained an express promise by the defendant to pay the sum of money alleged. The allegation that the defendant "promised" to pay to the plaintiff such sum is supported by evidence showing an implied promise of the defendant to pay the amount either as inferred from the facts proved or as may be implied by law.

In *Jackson* v. *Buice*, 132 *Ga.* 51 (63 S. E. 823), the plaintiff, in a suit against an administrator, alleged in the petition that the plaintiff had rendered certain services to the intestate at the latter's instance and request, and upon the faith of the *promise* of the intestate to pay the plaintiff for such services, which the plaintiff alleged were of the value of $125 per year. The court held that, in the absence of any proof in the evidence of an *express* promise, or express contract, the allegation of the petition as to a promise was supported by evidence showing an implied promise on the part of the intestate to pay for the services rendered. The allegation of a "promise" in that case and the one in the case at bar are the same in so far as they indicate whether the alleged promise was express or implied. While it was alleged in that case that the defendant promised to pay what the services were worth, it is alleged in the case now before this court that the defendant promised to pay the plaintiff an alleged sum, which, as appears from the facts alleged in the petition, is what the law would imply the defendant was due the plaintiff. Under the allegation of the petition here, that the defendant promised to pay the plaintiff the sum which she advanced for his benefit at his request, there could be a recovery either on proof of an express contract or of an implied promise.

The allegation could be either that there was an express promise or an implied promise. The rule generally, where the express promise is a promise which the law would imply under the terms of the contract, is expressed as follows in 7 C. J. S. 116: "Where an express contract has been fully performed on plaintiff's part, and nothing remains to be done under it but the payment of money by defendant, which is nothing more than the law would imply against him, plaintiff may declare specially on the original contract, or generally in indebitatus assumpsit on the promise implied by law, at his election. Under these circumstances defendant will not be permitted to assert that an express contract exists for the purpose of defeating a recovery on the implied promise."

In 1847 the legislature of this State passed an act containing prescribed forms for short petitions in various actions. They are known as the "Jack Jones" forms. See *Dugas* v. *Hammond,* 130 *Ga.* 87 (60 S. E. 268), and *Floyd* v. *Morgan,* 60 *Ga. App.* 496 (4 S. E. 2d, 91). These forms were not obligatory upon pleaders, but were permissive only. They nevertheless indicated the policy of this State to dispense with the technical and strict rules of pleading, and to permit a recovery under a petition which set out the substantial facts on which the plaintiff based his right to recover. In the form for an action on account, which was but an action in assumpsit, all that was required was that the plaintiff allege that the defendant was indebted to him on an account as appeared from reference to a bill of particulars attached, which account the defendant neglected to pay, with a prayer for process and judgment. As respects this act, and particularly with reference to the form for a suit on account, it was stated by Chief Justice Warner in *Johnson* v. *Quin,* 52 *Ga.* 485, as follows: "It seems to us that it was intended to abolish the common-law rule of pleading, which had heretofore obtained in this State, and to allow the plaintiff to exhibit a bill of particulars of his or her account, and to prove at the trial either a special agreement to pay the amount charged, or what the goods, or services, were reasonably worth. In other words, the act was intended to allow the plaintiff to recover, in an action on an account, such an amount thereof as he was justly and equitably entitled to recover, either under a special agreement to pay the amount charged, or so much as the goods furnished, or services rendered, were reasonably worth, without regard to the technical

rules of pleading, or evidence, applicable to special contracts, or a quantum meruit. If the statute does not mean that, we are unable to understand what it does mean. The act is entitled an act 'to simplify and curtail pleadings at law,' and the simplicity of the act is, that it abolishes all distinction in pleading and proof in an action on an account, with a bill of particulars annexed, between a special agreement to pay the amount charged, and what the goods, or services, were reasonably worth. The plaintiff may prove either, or both, and then the jury may find such a verdict as they may think proper under the evidence." In that case the plaintiff sued on account for wages as housekeeper at $40 a month for a designated period of time, and on the trial evidence was introduced that there was an express agreement to pay the plaintiff this amount. The plaintiff also offered evidence of the value of the services, which the trial court rejected. The court charged the jury that if there was a contract to pay the plaintiff $40 a month she was to recover on the contract, and if no such contract was proved she could not recover the value of her services. The Supreme Court held that the judge erred in rejecting the evidence and in charging the jury as above indicated. The court held that on either theory, either on an express or an implied contract, the plaintiff could recover. Under the facts in that case, irrespective of a special promise to pay the plaintiff, there appeared that there was a liability against the defendant in quantum meruit.

While in this statutory form for a petition in a suit on account, as prescribed by the act of 1847, on which the suit was based in *Johnson* v. *Quin,* supra, there appears no allegation whatsoever of a promise, either express or implied, an allegation of a promise is read into the petition in contemplation of law. See *Blue* v. *Ford,* 12 *Ga.* 45, 46. It seems from the ruling in *Johnson* v. *Quin,* that in a suit to recover for services rendered or property furnished where the petition states a mere promise by the defendant to pay the sum alleged, without indicating whether the promise was express or implied, there could be a recovery on evidence establishing either an express or an implied promise. It follows that, under the petition in the case now before the court, a recovery can be sustained where the evidence failed to show any express promise by the defendant to pay the plaintiff, but established a promise implied either in fact or in law to pay the plaintiff some amount

for the services alleged to have been rendered by the plaintiff at the defendant's request for his benefit.

The conclusion herein reached that the petition in this case is to recover on an implied promise by the defendant to pay the plaintiff the sum alleged, is not in conflict with the decisions cited and relied on to the effect that where there is a suit on an express contract containing an express promise to pay there can be no recovery in quantum meruit or quantum valebant on an implied promise. In *Seaboard Air-Line Ry. Co.* v. *Henderson,* 28 *Ga. App.* 391, supra, the contract sued on was a promise and obligation to pay one dollar per day for the use of an automobile. This was construed as an express promise to pay. Moreover, there was nothing in that case to show an implied obligation to pay. For this reason no recovery in quantum meruit was permissible.

In *Frierson* v. *Fincher,* 134 *Ga.* 113 (67 S. E. 541), the plaintiff brought suit on an alleged breach of contract by the defendants in withdrawing from sale certain lots, and thereby breaching a contract by which the defendants had agreed for the plaintiff to sell the lots at auction on a commission basis. The alleged breach of the contract was not a failure of the defendants to pay the plaintiff after performance by the plaintiff, but was an alleged liability to the plaintiff for the breach by the defendants in refusing to permit the plaintiff to perform the contract and earn the commissions coming to him. For the alleged breach of the contract there could be no recovery in quantum meruit, and this the court held.

The petition is a suit on an implied promise of the defendant to pay the plaintiff a sum of money allegedly advanced by her for his benefit at his request. Since the evidence authorized the finding that the plaintiff, out of her own funds, made an advancement of money for the defendant's benefit, at his request, although there appeared no express promise by the defendant to reimburse the plaintiff, the defendant was under an implied promise to pay the amount of money which it appears from the evidence the plaintiff advanced for his benefit. Therefore the judgment for the plaintiff was not without evidence to support it. The evidence did not fail to establish the allegations of the petition. The judgment was authorized by the evidence and was not contrary to law. The court did not err in overruling the motion for new trial, which was based on the general grounds only.