34672. WALTER *v.* ARP *et al.*

DECIDED JULY 14, 1953.

*Butt & Spence,* for plaintiff in error.

*Gordon M. Combs, Thomas H. Crawford,* contra.

FELTON, J. The defendants based their cross-action on the following allegation: "That after the contract, referred to in paragraph 5 of plaintiff's petition and set out as 'Exhibit A', was entered into by these defendants, the plaintiff, Mrs. Helen Walter Cowart, and her partner and husband, R. L. Cowart, made additional verbal contracts with these defendants to do extra work connected with the premises referred to in the petition, and also to furnish additional material for said project. The extra work contracted for and done by these defendants is shown on an itemized statement, copy of which is hereto attached being marked 'Exhibit A', and made a part of this answer and cross-bill, the total amount thereof being the sum of $5,427." Exhibit A attached to the cross-action is an itemized list of the additional work agreed to be done, with an amount opposite each item and a total of $5,427.

The proper construction of the above allegation is that the plaintiff and the defendants entered into an express contract for the additional work at the contract price of $5,427. On the trial of the case the defendants denied that they entered into an express contract with the plaintiff for the additional work and testified as to the value of such work. Where an action is based on an express contract, there can be no recovery on a quantum meruit theory. *Graham* v. *Jones,* 39 *Ga. App.* 610 (147 S. E. 902); *Shropshire* v. *Heard,* 27 *Ga. App.* 256 (107 S. E. 892); *Fuller* v. *Fuller,* 41 *Ga. App.* 24 (2) (152 S. E. 122); *Walker* v.

544

*O'Neal,* 21 *Ga. App.* 563 (94 S. E. 835) ; *Blackston* v. *Durant,* 65 *Ga. App.* 86 (15 S. E. 2d 261). Allowing the evidence as to the value of the additional work done to be introduced unobjected to did not have the effect of amending the petition to allege on a quantum meruit theory, because, in cases where an express contract has been alleged, an actual amendment to the petition setting out a quantum meruit theory is necessary before a recovery can be had on that theory. *Terrell* v. *Harris,* 42 *Ga. App.* 760, 764 (157 S. E. 387) ; *Blackston* v. *Durant,* supra. An express contract having been alleged, the verdict based on an implied promise to pay was not authorized.

The plaintiff in error complains that the court erred in not charging the law applicable to the issues involved in the case. As it is always the duty of the court to charge without request the law applicable to the issues raised by the pleading and evidence, the error, if in fact the court so erred, will not likely occur on a new trial of the case; therefore it is not necessary to rule on this assignment of error.

The court erred in denying the amended motion for a new trial.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*