### 36477. FORD v. HARDEN.

TOWNSEND, J. 1. The rule is well recognized that where evidence pertaining to the same cause of action is introduced without objection, but the evidence could have been authorized by an amendment to the pleadings, it is proper for the trial court to charge the jury on the issues thus made. *Evans* v. *Henson*, 73 *Ga. App.* 494 (2c), (37 S. E. 2d 164). This does not mean that evidence pertaining to a different cause of action will have the same effect, because a plaintiff must recover upon the cause of action declared upon and not upon another cause of action shown by the evidence to exist. *Dixie Ornamental Iron Co.* v. *Parrish*, 91 *Ga. App.* 11 (84 S. E. 2d 716).

2. A plaintiff may not sue upon an express contract and an implied contract in the same count, as these represent two different causes of action, although he may set up the same transaction in two counts and recover upon one or the other as the evidence authorizes. *Stevens* v. *Fort Industries*, 88 *Ga. App.* 584 (77 S. E. 2d 273); *Walter* v. *Arp*, 88 *Ga. App.* 542 (77 S. E. 2d 82); *Blackston* v. *Durant*, 65 *Ga. App.* 86 (15 S. E. 2d 261).

3. In the present case the plaintiff real-estate broker sued the defendant seller of lands upon an express contract in one count, the operative provision of which was as follows: "The undersigned agrees to pay said agent a commission of 10% of the above stated price, or any price acceptable to the undersigned in the event a sale is made directly by said agent or indirectly as a result of the efforts and activities of said agent." Under such a contract a recovery upon an implied obligation to pay a just and reasonable commission would not be authorized. *Thomas McDonald & Co.* v. *Elliott*, 92 *Ga. App.* 409 (1) (88 S. E. 2d 440).

4. The sole defense interposed was that the contract which the plaintiff broker pleaded had been altered, in that the written amount "10%" had been added to the printed contract form after the defendant signed the same, and the defendant testified without objection that the amount had been purposely omitted from the contract as signed because it was agreed between him and the plaintiff that the broker would realize his commission out of the purchaser. Upon such a state of facts the contract would also have been an express contract, and the defendant would owe the plaintiff nothing. *D. L. Stokes & Co.* v. *McCoy*, 92 *Ga. App.* 472, 474 (88 S. E. 2d 802).

5. Accordingly, it was error, even though there is evidence in the record as to what a just and reasonable compensation to the broker upon the consummation of the sale would be, for the court to charge that the jury might bring back a verdict based on quantum meruit. The jury might have found in favor of the plaintiff on this charge on the quantum meruit theory even though they believed that the plaintiff and defendant had not expressly agreed to the 10% clause upon which the plaintiff relied for recovery. The special grounds of the amended motion for new trial assigning error on portions of the charge on this ground are good, and the trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957.

*Ben F. Cheek, R. Howard Gordon, Rupert A. Brown,* for plaintiff in error.

*Johnson & Johnson, R. U. Harden, Marshall L. Allison,* contra.